JENNER & BLOCK LLP
Richard L. Stone (Bar No. 110022)
Andrew J. Thomas (Bar No. 159533)
David R. Singer (Bar No. 204699)
Amy M. Gallegos (Bar No. 211379)
633 West 5th Street, Suite 3600
Los Angeles, CA 90071
rstone@jenner.com
ajthomas@jenner.com
dsinger@jenner.com
agallegos@jenner.com

Attorneys for Plaintiffs
Fox Broadcasting Company, Twentieth Century
Fox Film Corp., and Fox Television Holdings, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOX BROADCASTING COMPANY, INC., TWENTIETH CENTURY FOX FILM CORP., and FOX TELEVISION HOLDINGS, INC.<br><br>Plaintiffs,<br><br>v.<br><br>DISH NETWORK L.L.C. and DISH NETWORK CORP.,<br><br>Defendants. | Case No. 12-CV-04529<br><br>Hon. George H. King<br><br>**NOTICE OF RELATED CASES AND PENDENCY OF OTHER ACTION**<br><br>[Local Rules 83-1.3 and 83-1.4] |

1        Pursuant to Local Rules 83-1.3 and 83-1.3.3, the undersigned counsel of record for plaintiffs Fox Broadcasting Company, Twentieth Century Fox Film Corp., and Fox Television Holdings, Inc. (collectively, "Fox"), states that this action, *Fox Broadcasting Co. v. Dish Network L.L.C., et al.*, Case No. 12-CV-04529 (C.D. Cal.), is related to the later-filed cases captioned *NBC Studios v. Dish Network Corp., et al.*, Case No. 12-CV-04536 (C.D. Cal.) (the "NBC Action") and *CBS Broadcasting Inc. v. Dish Network Corp., et al.* Case No. 12-CV-4551 (C.D. Cal.) (the "CBS Action").

       These cases are related because they (a) arguably arise from the same or a closely related transaction, happening or event; and (b) may call for determination of the same or substantially related or similar questions of law and fact. *See* L.R. 83-1.3. Specifically, this action, the NBC Action, and the CBS Action, arise from defendant DISH Network L.L.C.'s ("DISH") massive campaign of ongoing copyright infringement against the four major broadcast television networks as a result of DISH's recent launch of an unauthorized, broadcast video-on-demand service called PrimeTime Anytime. Through its Primetime Anytime service, DISH, a satellite television distributor, has forcibly asserted control over Fox's copyrighted television programs and is now copying and distributing them in ways that were never authorized – and indeed were expressly prohibited – by Fox. Without authorization, DISH's PrimeTime Anytime and Auto Hop services make copies of primetime broadcast television programs and then distribute those unauthorized copies in a commercial-free format to DISH's satellite television subscribers to view on-demand.

       DISH's unprecedented acts of copyright infringement are causing Fox and the other broadcast networks irreparable harm and threaten to destroy the broadcast television market in the United States, as well as the networks' ability to exploit their valuable television programs in numerous secondary markets. Accordingly,

2105304.1

all three cases may necessitate resolution of many of the same legal and factual issues concerning DISH's infringing conduct.

This action, however, involves additional copyright infringement claims that are not at issue in the NBC and CBS Actions, including DISH's use of its Sling Adapter product and service in conjunction with the Primetime Anytime service to provide an unauthorized, broadcast video-on-demand service to DISH's subscribers over the Internet. This action also involves breach of contract claims against DISH that are not at issue in the NBC and CBS Actions. Those lawsuits do not involve any contact claims.

Pursuant to Local Rule 83-1.4, plaintiffs further notify the Court that DISH filed an anticipatory declaratory relief action against Fox in the Southern District of New York on the same day this action was filed (the "SDNY Action"). Hoping to preempt FOX's legitimate choice of forum as a copyright infringement plaintiff, DISH raced to the courthouse in the Southern District of New York a mere 29 minutes before this action was filed and filed a declaratory relief action against Fox seeking a declaration that DISH's Auto Hop commercial-skipping service does not infringe Fox's copyrights or breach the parties' agreement. Although DISH's SDNY Action raises some of the same issues as this action, the Auto Hop service represents only a small subset of DISH's infringing conduct that is at issue in this action. Here, Fox is also suing DISH for copyright infringement based on DISH's unauthorized PrimeTime Anytime, Hopper, and Sling Adapter services and products, each of which also infringe Fox's copyrights. In this action, Fox is also suing DISH for multiple contractual breaches that are not at issue in the SDNY Action.

Because DISH's SDNY Action is an improper, anticipatory declaratory relief action meant to preempt Fox's legitimate choice of forum, Fox intends to move promptly to dismiss the narrower SDNY Action for declaratory relief in favor of this broader infringement action.

2105304.1

| | | |
|---|---|---|
| Dated: | May 29, 2012 | JENNER & BLOCK LLP |

By: /s/Richard L. Stone
  Richard L. Stone

  Attorneys for Plaintiffs
  Fox Broadcasting Company,
  Twentieth Century Fox Film Corp.,
  and Fox Television Holdings, Inc.

- 4 -

2105304.1