WILLIAM A. MOLINSKI (SBN 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, California 90017
Tel: 1-213-629-2020 / Fax: 1-213-612-2499

ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, California 94105-2669
Tel: 1-415-773-5700 / Fax: 1-415-773-5759

E. JOSHUA ROSENKRANZ (*pro hac vice*)
jrosenkranz@orrick.com
PETER A. BICKS (*pro hac vice*)
pbicks@orrick.com
ELYSE D. ECHTMAN (*pro hac vice*)
eechtman@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, New York 10019-6142
Tel: 1-212-506-5000 / Fax: 1-212-506-5151

MARK A. LEMLEY (SBN 155830)
mlemley@durietangri.com
MICHAEL PAGE (SBN 154913)
mpage@durietangri.com
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, California 94111
Tel: 1-415-362-6666

Attorneys for Defendants
DISH Network L.L.C. and DISH Network Corp.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOX BROADCASTING COMPANY, INC., TWENTIETH CENTURY FOX FILM CORP., and FOX TELEVISION HOLDINGS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>DISH NETWORK L.L.C. and DISH NETWORK CORP.,<br><br>Defendants. | Case No. CV12-04529 DMG (SHx)<br><br>**DEFENDANTS DISH NETWORK L.L.C.'S AND DISH NETWORK CORPORATION'S ANSWER**<br><br>JURY TRIAL DEMANDED |

Defendants DISH Network, L.L.C. and DISH Network Corporation (together "DISH"[1]), by and through their attorneys, hereby answer the complaint of Fox Broadcasting Company, Inc., Twentieth Century Fox Film Corp., and Fox Television Holdings, Inc. (together "Fox") as follows, based upon information and belief:

## "NATURE OF THE ACTION"

1. With respect to Paragraph 1 of the Complaint, DISH admits that it is a party to contracts with ABC, Inc. ("ABC"), CBS Corporation ("CBS"), Fox, and NBCUniversal Media, L.L.C ("NBC") (collectively, the "Major Television Networks") that authorize it to retransmit broadcast signals containing the television programming on the ABC, CBS, Fox and NBC television networks, respectfully refers the Court to those agreements for a complete and accurate statement of their terms and otherwise denies the allegations set forth in the first and second sentences of that Paragraph.  DISH denies the allegations set forth in the third sentence of that Paragraph.

2. With respect to Paragraph 2 of the Complaint, DISH denies the allegations.

3. With respect to Paragraph 3 of the Complaint, DISH denies the allegations.

4. With respect to Paragraph 4 of the Complaint, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in that Paragraph.

5. With respect to Paragraph 5 of the Complaint, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first three sentences of that Paragraph.  DISH denies the allegations set forth in the fourth and fifth sentences.

---

[1] All admissions as to actions by DISH contained herein refer to actions taken by DISH Network L.L.C.  DISH Network Corporation is a holding entity.

6. With respect to Paragraph 6 of the Complaint, DISH denies the allegations.

7. With respect to Paragraph 7 of the Complaint, DISH admits that it has a Retransmission Consent Agreement, as amended, with Fox, respectfully refers the Court to that agreement for a complete and accurate statement of its terms and otherwise denies the allegations.

## "THE PARTIES"

8. With respect to Paragraph 8 of the Complaint, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

9. With respect to Paragraph 9 of the Complaint, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

10. With respect to Paragraph 10 of the Complaint, DISH believes that Fox Television Holdings is a Delaware corporation with its principal place of business in Los Angeles and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in that Paragraph.

11. With respect to Paragraph 11 of the Complaint, DISH admits the allegations set forth in the first and second sentences. With respect to the third sentence of Paragraph 11, DISH admits that DISH Network, L.L.C. and Fox Television Holdings are parties to a Retransmission Consent Agreement, which was most recently amended in 2010, respectfully refers the Court to that Retransmission Consent Agreement, as amended, for a complete and accurate statement of its terms and otherwise denies the allegations.

12. With respect to Paragraph 12 of the Complaint, DISH admits the allegations set forth in the first sentence, DISH further admits that DISH Network L.L.C. is an indirect wholly-owned subsidiary of DISH Network Corporation, and otherwise denies the remaining allegations set forth in that Paragraph.

///

13. With respect to Paragraph 13 of the Complaint, to the extent that it contains legal conclusions, no response is required. To the extent that a response might be required, DISH denies the allegations.

### "JURISDICTION AND VENUE"

14. With respect to Paragraph 14 of the Complaint, to the extent that it contains legal conclusions, no response is required. To the extent that a response might be required, DISH admits that Fox seeks damages and injunctive relief based upon certain legal theories, but denies that Fox is entitled to any such relief and otherwise denies the allegations set forth in that Paragraph.

15. With respect to Paragraph 15 of the Complaint, to the extent that it contains legal conclusions, no response is required. To the extent that a response might be required, DISH admits that the federal district courts have federal question jurisdiction over Fox's copyright claims and pendent jurisdiction over Fox's state law claims, but denies that Fox's claims are appropriately brought in this Court.

16. With respect to Paragraph 16 of the Complaint, to the extent that it contains legal conclusions, no response is required. To the extent that a response might be required, DISH admits that DISH Network L.L.C. does business in California and that this Court has personal jurisdiction over DISH Network L.L.C., and otherwise denies the allegations.

17. With respect to Paragraph 17 of the Complaint, to the extent that it contains legal conclusions, no response is required. To the extent that a response might be required, DISH admits that the Court has personal jurisdiction over DISH Network L.L.C. and otherwise denies the remaining allegations, including but not limited to the allegation that venue is proper in this district. DISH avers that the Southern District of New York is a far more convenient venue for this dispute and that venue in the Southern District of New York would best serve the interests of judicial economy and efficiency and avoid the risk of inconsistent adjudications, because it would allow all related actions and claims involving DISH and the four

major television networks to be heard in one court and before one federal district judge.

### "GENERAL ALLEGATIONS"

**"A.   FOX's Copyrighted Primetime Programming"**

18.   With respect to Paragraph 18 of the Complaint, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in that Paragraph and Exhibit A.

19.   With respect to Paragraph 19 of the Complaint, to the extent it contains legal conclusions, no response is required, and DISH otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

20.   With respect to Paragraph 20 of the Complaint, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

**"B.   Commercial Advertising and the Broadcast Television Business Model"**

21.   With respect to Paragraph 21 of the Complaint, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

22.   With respect to Paragraph 22 of the Complaint, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

23.   With respect to Paragraph 23 of the Complaint, DISH admits that it pays re-transmission fees to Fox pursuant to the parties' Retransmission Consent Agreement and respectfully refers to the Court to that Retransmission Consent Agreement for a complete and accurate statement of its terms.  DISH otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in that Paragraph.

/ / /

/ / /

**"C.    Secondary Markets for the Distribution and Sale of the FOX Programs"**

24.    With respect to Paragraph 24 of the Complaint, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

25.    With respect to Paragraph 25 of the Complaint, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

26.    With respect to Paragraph 26 of the Complaint, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

27.    With respect to Paragraph 27 of the Complaint, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

28.    With respect to Paragraph 28 of the Complaint, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

**"D.    DISH's Unlawful Conduct"**

29.    With respect to Paragraph 29 of the Complaint, DISH denies the allegations set forth in the first sentence.  With respect to the second sentence of Paragraph 29, DISH admits that it offers a service called "Blockbuster @Home" and further admits that it has offered a service called "Blockbuster Movie Pass" and otherwise denies the allegations.  With respect to the third sentence of Paragraph 29, DISH admits that it purports to quote from content appearing on DISH's website at an unspecified time, but denies that the quote is accurate and respectfully refers the Court to that website content for a complete and accurate statement of its terms and the context in which it appears, and otherwise denies the allegations. With respect to the fourth sentence of Paragraph 29, DISH admits that it references content that appeared on DISH's website at an unspecified time and respectfully

1  refers the Court to that website content for a complete and accurate statement of its
2  terms and the context in which it appears, and otherwise denies the allegations.
3      30.    With respect to Paragraph 30 of the Complaint, DISH admits that it
4  began offering the Hopper Whole-Home HD DVR System (the "Hopper") to
5  subscribers in mid-March 2012, the Hopper is a set-top box leased to subscribers
6  who purchase certain packages of services from DISH and meet certain other
7  criteria, and avers that it is also made available on certain other terms, and
8  otherwise denies the allegations set forth in that Paragraph.
9      31.    With respect to Paragraph 31 of the Complaint, DISH admits that the
10 paragraph and footnote 4 purport to quote from content appearing on DISH's
11 website at an unspecified time, but denies that the quote is accurate, and
12 respectfully refers the Court to that website content for a complete and accurate
13 statement of its terms and the context in which it appears and otherwise denies the
14 allegations set forth in Paragraph 31 and footnote 4.
15     32.    With respect to Paragraph 32 of the Complaint, DISH denies the
16 allegations set forth in the first sentence.  With respect to the second sentence of
17 Paragraph 32, DISH admits that Vivek Khemka, a DISH employee, has been
18 interviewed concerning the PrimeTime Anytime feature, respectfully refers the
19 Court to those interviews for a complete and accurate account of the statements
20 made by Mr. Khemka, as well as the context of those statements, and otherwise
21 denies the allegations.
22     33.    With respect to Paragraph 33 of the Complaint, DISH denies the
23 allegations.
24     34.    With respect to Paragraph 34 of the Complaint, to the extent that it
25 contains legal conclusions, no response is required.  To the extent that a response
26 might be required, DISH denies the allegations.
27     35.    With respect to Paragraph 35 of the Complaint, DISH denies the
28 allegations.

1   36.   With respect to Paragraph 36 of the Complaint, DISH denies the allegations set forth in the first sentence of the Paragraph.  With respect to the second and third sentences of Paragraph 36, DISH admits that it has used the phrase "commercial-free TV" in its advertising, respectfully refers the Court to those advertisements for a complete and accurate statement of their terms and the context in which they appear, and otherwise denies the allegations.

37.   With respect to Paragraph 37 of the Complaint, DISH admits that the first sentence describes content appearing on its website at an unspecified time, respectfully refers the Court to that website content for a complete and accurate statement of its terms and the context in which it appeared, and otherwise denies the allegations set forth in that sentence.  With respect to the second sentence of Paragraph 37, DISH admits that it purports to quote from DISH's "AutoHop Quick Start Guide," but denies that the quote is accurate, respectfully refers the Court to that "AutoHop Quick Start Guide" for a complete and accurate statement of its terms, and otherwise denies the allegations set forth in that sentence.

38.   With respect to Paragraph 38 of the Complaint, DISH admits that it quotes from DISH's "AutoHop Quick Start Guide," respectfully refers the Court to that document for a complete and accurate statement of its terms, and otherwise denies the remaining allegations set forth in that Paragraph.

39.   With respect to Paragraph 39 of the Complaint, DISH denies the allegations.

40.   With respect to Paragraph 40 of the Complaint, DISH denies the allegations.

41.   With respect to Paragraph 41 of the Complaint, DISH denies the allegations.

42.   With respect to Paragraph 42 of the Complaint, DISH denies the allegations set forth in the first, second, third, fifth and sixth sentences of the Paragraph.  With respect to the fourth sentence of Paragraph 42, DISH admits that

- 7 -

DISH ANSWER
CASE NO. CV1204529 DMG (SHx)

1  it transmits the four major television networks' signals from a single satellite
2  transponder, and otherwise denies the allegations set forth in that sentence.
3     43.   With respect to Paragraph 43 of the Complaint, DISH denies the
4  allegations.
5     44.   With respect to Paragraph 44 of the Complaint, DISH admits that its
6  subscribers can use devices with Sling functionality, including the Sling Adapter,
7  connected to a DISH set-top box, to send programming to their computers and
8  mobile devices via the Internet and otherwise denies the allegations set forth in the
9  first and second sentence of that Paragraph.  DISH denies the allegations set forth
10 in the third sentence of that Paragraph.
11    45.   With respect to Paragraph 45 of the Complaint, DISH denies the
12 allegations.

**"E.   DISH's Breaches of the Retransmission Consent Agreement and Letter Agreement"**

15    46.   With respect to Paragraph 46 of the Complaint, to the extent that it
16 contains legal conclusions, no response is required.  To the extent that a response
17 might be required, DISH respectfully refers the Court to the Retransmission
18 Consent Agreement, as amended, for a complete and accurate statement of its terms
19 and otherwise denies the allegations.
20    47.   With respect to Paragraph 47 of the Complaint, DISH admits the first
21 sentence of that Paragraph.  With respect to the second and third sentences of
22 Paragraph 47, DISH respectfully refers the Court to the Retransmission Consent
23 Agreement, as amended, for a complete and accurate statement of its terms and
24 otherwise denies the allegations.
25    48.   With respect to Paragraph 48 of the Complaint, DISH respectfully
26 refers the Court to the Retransmission Consent Agreement, as amended, for a
27 complete and accurate statement of its terms, and otherwise denies the allegations
28 set forth in that Paragraph.

49. With respect to Paragraph 49 of the Complaint, DISH respectfully refers the Court to the Retransmission Consent Agreement, as amended, for a complete and accurate statement of its terms and otherwise denies the allegations set forth in that Paragraph.

50. With respect to Paragraph 50 of the Complaint, to the extent that it contains legal conclusions, no response is required. To the extent that a response might be required, DISH respectfully refers to the Court to the Retransmission Consent Agreement, as amended, for a complete and accurate statement of its terms and otherwise denies the allegations.

## "FIRST CLAIM FOR RELIEF"
## "(Direct Copyright Infringement)"

51. DISH incorporates by reference its answers to Paragraphs 1-50 of the Complaint, as if fully set forth herein.

52. With respect to Paragraph 52 of the Complaint, DISH denies the allegations.

53. With respect to Paragraph 53 of the Complaint, DISH denies the allegations.

54. With respect to Paragraph 54 of the Complaint, DISH denies the allegations.

55. With respect to Paragraph 55 of the Complaint, DISH denies the allegations.

56. With respect to Paragraph 56 of the Complaint, DISH denies the allegations.

57. With respect to Paragraph 57 of the Complaint, DISH denies the allegations.

58. With respect to Paragraph 58 of the Complaint, DISH denies the allegations.

///

59. With respect to Paragraph 59 of the Complaint, DISH denies the allegations.

60. With respect to Paragraph 60 of the Complaint, DISH denies the allegations.

61. With respect to Paragraph 61 of the Complaint, DISH denies the allegations.

62. With respect to Paragraph 62 of the Complaint, DISH denies the allegations.

63. With respect to Paragraph 63 of the Complaint, DISH denies the allegations.

64. With respect to Paragraph 64 of the Complaint, DISH denies the allegations.

65. With respect to Paragraph 65 of the Complaint, DISH denies the allegations.

## "SECOND CLAIM FOR RELIEF"
## "(Secondary Copyright Infringement)"

66. DISH incorporates by reference its answers to Paragraphs 1-65 of the Complaint, as if fully set forth herein.

67. With respect to Paragraph 67 of the Complaint, DISH denies the allegations.

68. With respect to Paragraph 68 of the Complaint, DISH denies the allegations.

69. With respect to Paragraph 69 of the Complaint, DISH denies the allegations.

70. With respect to Paragraph 70 of the Complaint, DISH denies the allegations.

71. With respect to Paragraph 71 of the Complaint, DISH denies the allegations.

72. With respect to Paragraph 72 of the Complaint, DISH denies the allegations.

73. With respect to Paragraph 73 of the Complaint, DISH denies the allegations.

74. With respect to Paragraph 74 of the Complaint, DISH denies the allegations.

75. With respect to Paragraph 75 of the Complaint, DISH denies the allegations.

76. With respect to Paragraph 76 of the Complaint, DISH denies the allegations.

### "THIRD CLAIM FOR RELIEF"

#### "(Breach of Contract)"

77. DISH incorporates by reference its answers to Paragraphs 1-76 of the Complaint, as if fully set forth herein.

78. With respect to Paragraph 78 of the Complaint, DISH denies the allegations.

79. With respect to Paragraph 79 of the Complaint, DISH denies the allegations.

80. With respect to Paragraph 80 of the Complaint, DISH denies the allegations.

81. With respect to Paragraph 81 of the Complaint, DISH denies the allegations.

### "FOURTH CLAIM FOR RELIEF"

#### "(Breach of the Implied Covenant of Good Faith)"

82. DISH incorporates by reference its answers to Paragraphs 1-81 of the Complaint, as if fully set forth herein.

83. With respect to Paragraph 83 of the Complaint, DISH denies the allegations.

84. With respect to Paragraph 84 of the Complaint, DISH denies the allegations.

85. With respect to Paragraph 85 of the Complaint, DISH denies the allegations.

## "PRAYER FOR RELIEF"

With respect to Fox's "Prayer for Relief," including each subpart thereto, DISH denies that Fox is entitled to any relief, and avers that judgment should be entered in DISH's favor.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

The Complaint and each cause of action therein are barred in whole or in part by the doctrines of laches, waiver, estoppel and acquiescence.

## THIRD DEFENSE

The Complaint and each cause of action there in are barred in whole or in part by the doctrine of unclean hands.

## FOURTH DEFENSE

DISH and its subscribers were authorized and/or licensed by the Plaintiffs to engage in the allegedly infringing conduct.

## FIFTH DEFENSE

The conduct of DISH and its subscribers is authorized and licensed by 17 U.S.C. §§ 119 and 122.

## SIXTH DEFENSE

The conduct of DISH and its subscribers constitutes fair use pursuant to 17 U.S.C. § 107.

## SEVENTH DEFENSE

Enforcement of Plaintiffs' copyrights is precluded by 17 U.S.C. § 110(11).

///

## EIGHTH DEFENSE

Enforcement of Plaintiffs' copyrights is precluded by the doctrine of copyright misuse.

## NINTH DEFENSE

The Plaintiffs' copyright infringement claims fail to the extent that the Plaintiffs do not own the alleged copyrights asserted in their claims and/or copyright registrations in the claimed works.

## TENTH DEFENSE

The Plaintiffs chose an improper venue for this action.

## DEMAND FOR JURY TRIAL

DISH hereby demands a trial by jury on the Complaint.

Dated: July 30, 2012

Orrick, Herrington & Sutcliffe LLP

By: */s/ William A. Molinski*
WILLIAM A. MOLINSKI
Attorneys for Defendants
DISH Network L.L.C. and DISH Network Corp.