JENNER & BLOCK LLP
Richard L. Stone (Bar No. 110022)
Andrew J. Thomas (Bar No. 159533)
David R. Singer (Bar No. 204699)
Amy M. Gallegos (Bar No. 211379)
633 West 5th Street, Suite 3600
Los Angeles, CA 90071
rstone@jenner.com
ajthomas@jenner.com
dsinger@jenner.com
agallegos@jenner.com

Attorneys for Plaintiffs
Fox Broadcasting Company, Twentieth Century
Fox Film Corp., and Fox Television Holdings, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOX BROADCASTING COMPANY, INC., TWENTIETH CENTURY FOX FILM CORP., and FOX TELEVISION HOLDINGS, INC. | Case No.  12-CV-04529-DMG (SH) |
| Plaintiffs, | **PLAINTIFFS' RESPONSE TO DEFENDANTS' EVIDENTIARY OBJECTIONS TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |
| v. | |
| DISH NETWORK L.L.C. and DISH NETWORK CORP., | |
| Defendants. | |

Plaintiffs Fox Broadcasting Company, Inc., Twentieth Century Fox Film Corp., and Fox Television Holdings, Inc. (collectively, "Fox") hereby respond to defendants Dish Network L.L.C.'s and Dish Network Corp.'s (collectively, "Dish") Evidentiary Objections to Fox's Preliminary Injunction Motion.

1    Dish asserts more than <u>800</u> evidentiary objections to the declarations and

2    exhibits proffered by Fox in support of its preliminary injunction motion.  The

3    laundry list of objections is thick in pages (43 in total) but flimsy in merit.  Dish

4    objects to hearsay where none exists; it challenges the personal knowledge of

5    witnesses who clearly establish a sufficient foundation to testify; it invents

6    objections such as "misleading" and "vague"; and it objects on the grounds of

7    completeness, which is not even a rule of exclusion.

8    Even if Dish's objections had merit – and they do not – it is well settled that

9    "a preliminary injunction is customarily granted on the basis of procedures that are

10   less formal and evidence that is less complete than in a trial on the merits." *Univ. of*

11   *Texas v. Camenisch*, 451 U.S. 390, 395 (1981).  The evidentiary rules are relaxed

12   because courts recognize the difficulties associated with gathering evidence while

13   pressed with the urgency of a preliminary injunction motion.  *See Flynt Distrib.*

14   *Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984).  As a result, "[the] trial

15   court may give even inadmissible evidence some weight, when to do so serves [the]

16   purpose of preventing irreparable harm before trial." *Id.*

17   For these reasons, and those set forth below, Dish's objections are improper

18   and should be overruled.

19   **I.   <u>The Challenged Declarations And Exhibits Are Not Hearsay</u>**

20        **A.   Hearsay May Be Considered At The Preliminary Injunction Stage**

21   A trial court may consider hearsay evidence on a motion for a preliminary

22   injunction.  *See, e.g., Flynt*, 734 F.2d at 1394; *Sierra Club, Lone Star Chapter v.*

23   *F.D.I.C.*, 992 F.2d 545, 551 (5th Cir. 1993) ("At the preliminary injunction stage,

24   the procedures in the district court are less formal, and the district court may rely on

25   otherwise inadmissible evidence, including hearsay evidence.").  For this reason

26   alone, Dish's objections should be overruled.

27

28

**B.   Statements By Dish Or Its Agents Are Not Hearsay**

Out-of-court statements by a party opponent are not hearsay and are admissible. Fed. R. Evid. 801(d)(2)(A). Similarly, documents that contain statements made by an agent or employee of a party, concerning a matter within the scope of the agency or employment and made during the existence of the relationship are not hearsay. *See* Fed. R. Evid. 801(d)(2)(D).

Here, much of the evidence challenged by Dish on hearsay grounds consists of statements by Dish employees and agents. Dish objects to video recorded statements that appear on Dish's own website, including statements made by Dish's own Vice President, Vivek Khemka. Dish also objects to statements made to the Wall Street Journal by Dish Chairman, Charlie Ergen. Dish also objects to authenticated screenshots and written statements that appear on Dish's website, as well as Dish's advertisements, marketing materials, user guides, and training materials. By definition, these are party admissions and are admissible under FRE 801(d)(2).[1] Moreover, Dish does not even dispute the accuracy of any of these statements.

## II.   The Witnesses Proffered By Fox Have Personal Knowledge Of The Matters In Their Declarations

Dish objects to the declarations of David Haslingden, Michael Biard, and Sherry Brennan by asserting they are not based on personal knowledge. Dish is wrong. As set forth in each declaration, these declarants are Fox executives with a combined fifty-three years of experience in the television and media industries. Their job responsibilities include the subject matters upon which they testify.

---

[1] Fox, therefore, is not required to satisfy the requirement under Rule 804 hearsay exceptions demonstrating that the declarants are unavailable. *See, e.g., Globe Sav. Bank, F.S.B. v. United States*, 61 Fed. Cl. 91, 94-5 (Fed. Cl. 2004) ("Statements denominated as 'admissions by a party-opponent' . . . 'are outside the framework of hearsay exceptions, classed as nonhearsay, and excluded from the hearsay rule,' as a result of the operation of the adversary system.").

- 3 -

For example, David Haslingden is responsible for all corporate functions of the Fox Network, including strategic business development, finance, legal, advertising sales, engineering, operations, and communications. Haslingden ¶ 2.

Michael Biard oversees the negotiation of licensing and affiliation agreements on behalf of various Fox entities. Biard ¶ 1. He is often the lead negotiator for Fox's contractual negotiations with multichannel video programming distributors ("MVPDs"), including cable television systems and direct broadcast satellite television providers, such as Dish, who distribute Fox's television network programming and related content to their subscribers. *Id.* ¶ 2.

Sherry Brennan develops television content distribution strategy for various media platforms on behalf of numerous Fox entities including Twentieth Century Fox Film Corporation and Fox Broadcasting Company. Brennan ¶ 1. She has detailed knowledge about the business and markets at issue in Fox's preliminary injunction motion.

Together, these declarants have a wealth of direct personal knowledge of Fox's negotiations with advertisers, MVPDs, and digital rights distributors. They are more than qualified to testify about the nature of those business relationships as well as the potential effects of Dish's unlawful conduct on those relationships. *See e.g. J.F. Feeser, Inc. v. Serv-A-Portion, Inc.*, 909 F. 2d 1524, 1535 n.11 (3rd Cir. 1990) (allowing sales representative to testify about customer reasons for not dealing with supplier).

Dish also objects to the declaration of Steven Smith. Mr. Smith is the Chairman of Journal Communications, Inc. ("Journal"), a company that owns and operates thirteen broadcast television stations. Smith ¶¶ 1-2. Journal's main source of income is the sale of commercial advertising time on its broadcast networks. Obviously, this gives Mr. Smith sufficient personal knowledge to testify about the effects Dish's commercial-skipping service on Journal's advertising supported business model, as well as the industry in general.

- 4 -

2133696.1

1     Dish also objects to the declaration of Robert Liodice, the President and CEO

2  of the Association of National Advertisers.  Liodice ¶ 1.  The Association of

3  National Advertisers represents 400 companies and 10,000 brands that collectively

4  spend over $250 billion in marketing and advertising.  *Id.* ¶ 2.  Mr. Liodice's job is

5  to understand and communicate the positions of advertisers who buy broadcast

6  television advertising.  He clearly has sufficient knowledge to give testimony on

7  about the negative impact of Dish's infringement on advertisers.

8  **III.   Fox's Declarants Have Not Proffered Improper Opinion Testimony**

9     Dish's objections to opinion testimony are improper.  Any opinions given by

10  Fox's declarants are all admissible under FRE 701 because they are (a) "rationally

11  based on the witness's perception" and (b) helpful to the Court's understanding of

12  their testimony.  *See Minority Television Project, Inc. v. FCC*, 649 F. Supp. 2d

13  1025, 1032 (N.D. Cal. 2009) (allowed Vice President of large broadcasting station

14  to hypothesize about impact that commercial advertising might have on the

15  operations of other public radio stations because his testimony was "based upon his

16  particularized knowledge that he has by virtue of his or her position in a business,

17  as opposed to training or specialized knowledge within the realm of an expert, and

18  is lay opinion"); *In re Google AdWords Litigation*, 2012 WL 28068, at *4 (N.D.

19  Cal. 2012) ("the rules of evidence have long permitted a person to testify to

20  opinions about their own business based on their personal knowledge of their

21  business"; collecting cases).

22     Even if the opinions at issue rose to the level of expert opinions, they would

23  still be admissible in support of Fox's preliminary injunction motion because courts

24  may consider declarations by experts at the preliminary injunction stage even where

25  the declarant has not qualified as an expert pursuant to FRE 702.  *See University of*

26  *Texas v. Camenisch*, 451 U.S. 390, 395, 101 S.Ct. 1830, 1834 (1981) ("a

27  preliminary injunction is customarily granted on the basis of procedures that are

28  less formal and evidence that is less complete than in a trial on the merits"); *Flynt*,

- 5 -

2133696.1

734 F.2d at 1394 (9th Cir. 1984); *Welker v. Cicerone*, 174 F. Supp. 2d 1055, 1059 n.2 (C.D. Cal. 2001) ("because of the urgency involved and the limited time that a preliminary injunction remains in effect, declarations and evidence supporting the Motion need not conform to the standards for a summary judgment motion or to the Federal Rules of Evidence").

## IV.   The "Doctrine of Completeness" Is Not a Rule of Exclusion

Dish makes "doctrine of completeness" objections to a number of Fox exhibits, such as screenshots from Dish's websites.  The FRE 106 "doctrine of completeness" is a rule of inclusion, *permitting* a party against whom a partial statement is entered in evidence to proffer the complete document.  It is not a rule of exclusion *requiring* the party introducing evidence to offer the complete document.

FRE 106 provides that, when part of a writing is introduced by a party, the adverse party may introduce "any other part or any other writing or recorded statement which ought in fairness be considered contemporaneously with it."  Fed. R. Evid. 106.  Indeed, "there is no rule that either the whole document, or no part of it, is competent."  *United States v. Littwin*, 338 F.2d 141, 146 (6th Cir. 1964); *accord United States v. Dorrell*, 758 F.2d 427, 434 (9th Cir. 1985).  Accordingly, Rule 106 provides no basis to exclude Fox's evidence.

## V.   The Best Evidence Rule Does Not Apply Here

Dish objects to a number of statements and exhibits on best evidence grounds.  These objections are without merit.  The best evidence rule applies only where secondary evidence is offered to prove the content of writing; secondary evidence offered to prove something other than the content of a writing is not barred by the evidence rule, even if the writing might be the "best" or "better" evidence on the issue.  *See* Fed. R. Evid. 1002; *United States v. Fagan*, 821 F.2d 1002, 1009 n. 1 (5th Cir. 1987) (allowing witness testimony about conversation even though conversation was tape recorded; "[t]he prosecution was not trying to

- 6 -

show the contents of the <u>tape</u>, but rather the contents of the <u>conversation</u>")
(emphasis in original); *Kenner v. C. I. R.*, 445 F.2d 19, 23 (7th Cir. 1971) ("courts
do not bar oral proof of a matter merely because it is also provable by a writing");
*D'Angelo v. U. S.*, 456 F. Supp. 127, 131 (D. Del. 1978) (best evidence rule "is not
applicable when a witness testifies from personal knowledge of the matter, even
though the same information is contained in a writing.").

Here, when Fox's declarants reference the exhibits attached to their
declarations, they are not attempting to prove the contents of the exhibits; rather,
they are explaining the exhibits.  Moreover, the declarants' testimony is based on
personal knowledge.  As such the best evidence rule is not implicated, and Dish's
objections should be overruled.

**VI.**   **Conclusion**

For the foregoing reasons, the Court should overrule Dish's improper and
unsubstantiated evidentiary objections.

DATED:  September 7, 2012                    JENNER & BLOCK LLP


By:  _____/s/_____
                              Richard L. Stone
                              Attorneys for Plaintiffs

2133696.1