JENNER & BLOCK LLP
Richard L. Stone (Bar No. 110022)
Andrew J. Thomas (Bar No. 159533)
David R. Singer (Bar No. 204699)
Amy M. Gallegos (Bar No. 211379)
633 West 5th Street, Suite 3600
Los Angeles, CA 90071
rstone@jenner.com
ajthomas@jenner.com
dsinger@jenner.com
agallegos@jenner.com

Attorneys for Plaintiffs
Fox Broadcasting Company, Twentieth Century
Fox Film Corp., and Fox Television Holdings, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOX BROADCASTING COMPANY, INC., TWENTIETH CENTURY FOX FILM CORP., and FOX TELEVISION HOLDINGS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>DISH NETWORK L.L.C. and DISH NETWORK CORP.,<br><br>Defendants. | Case No. 12-CV-04529-DMG (SH)<br><br>Complaint Filed: May 24, 2012<br><br>**STIPULATION CONCERNING DISCOVERY, USE AND CONFIDENTIALITY OF NIELSEN DATA**<br><br>[Proposed Order filed concurrently herewith] |

WHEREAS, The Nielsen Company (US), LLC ("Nielsen") has provided certain information to Plaintiffs Fox Broadcasting Company, Twentieth Century Fox Film Corp., and Fox Television Holdings, Inc., and Defendants DISH Network L.L.C. and DISH Network Corporation ("Clients") in the form of viewer measurement data and reports ("Nielsen Information");

WHEREAS, the Nielsen Information has been provided to Clients for limited uses pursuant to contract;

WHEREAS, the Nielsen Information is proprietary to Nielsen and has a continuing value to Nielsen in that Nielsen regularly receives income from providing the information to other clients that might be interested in the information;

WHEREAS, Clients have requested that Nielsen waive certain of its rights and permit certain limited disclosure of Nielsen Information relevant to this litigation; and

WHEREAS, the parties hereto desire to go forward with the discovery and use at the trial of this case or at other evidentiary hearings of Nielsen Information without compromising the confidentiality and proprietary nature of Nielsen Information;

THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto and Nielsen as follows:

1. This Stipulation shall govern in this matter the disposition of all data, information and/or materials prepared, compiled and provided by The Nielsen Company (US), LLC, including reports and documents containing Nielsen Information, which may be produced by any party hereto in response to any discovery request. The provisions of this Stipulation relating to Nielsen Information shall be equally applicable to answers to interrogatories, extracts, summaries, and testimony based on such documents.

2. This Stipulation shall permit the disclosure only of Nielsen Information, as defined herein. To the extent that any Nielsen report or other document contains proprietary and confidential Nielsen ratings information or other Nielsen Information that is not relevant to this litigation, the parties shall make their best efforts to identify and redact such information before the document is disclosed. No Nielsen report or Nielsen Information shall be disclosed to any person for review or use in connection with this litigation other than the parties' respective trial counsel or in-house counsel unless such person has confirmed in writing to trial counsel making the disclosure that he or she has reviewed this Stipulation and will comply fully with its terms.

3. All documents containing Nielsen Information and all copies thereof shall be marked as "Highly Confidential." The provisions regarding the treatment of "Highly Confidential" materials in the Stipulated Protective Order entered by the Court on July 24, 2012, shall apply to documents containing the Nielsen Information. Employees of a party may have access to Nielsen Information produced by another party in this action to the extent that those employees have access to the same type of Nielsen Information covering the same time frame in the normal course of their job responsibilities, and subscribe to Schedule A of the Protective Order. Notwithstanding the "Highly Confidential" designation, and

notwithstanding any provision in the Stipulated Protective Order, any in-house counsel not otherwise actively involved in the prosecution, defense or appeal of the action may have access to the Nielsen Information to the extent his or her assistance is required from time to time for such purposes.

4. The attorneys for Clients shall provide Nielsen with an accurate listing of all documents containing Nielsen Information (by bates number) produced in this litigation pursuant to this Stipulation within a reasonable time after such documents are disclosed.

5. The parties agree that neither Nielsen nor any Nielsen officer, director, employee, agent, or other individual will be subpoenaed or otherwise required to testify in any manner concerning any Nielsen Information to be offered into evidence in this action either by deposition or at trial, and further that the methodology utilized by Nielsen will not be a subject that is contested in this lawsuit (although this provision shall not preclude any witness, including expert witnesses, from challenging the way any other witness is using or interpreting Nielsen Information, including challenges based on assertions that the witness has misunderstood or is misrepresenting the nature or scope of the activity that Nielsen has statistically estimated).

6. The parties agree and stipulate that, solely for purposes of this action, the data contained in the Nielsen Information is a reasonably accurate representation of the data collected by Nielsen concerning television viewing (and in particular commercial viewing) during the relevant timeframe, and that the Nielsen Information is admissible as evidence of such television viewing data (and in particular commercial viewing data) during the relevant timeframe provided that

such facts are themselves relevant and material to any particular issue on which they may be offered.

7. The parties hereto agree, solely for purposes of this action, not to assert and do hereby waive any objections to admissibility of any Nielsen Reports or documents containing Nielsen Information on the grounds that the Nielsen Information may constitute hearsay, or that the Nielsen Information contains opinions, or that the Nielsen Information is not the best evidence of information reported therein.

8. The parties hereto agree, solely for purposes of this action, not to assert and do hereby waive any objections to the authenticity and genuineness of Nielsen Information.

9. The parties agree to provide Nielsen with copies of any Trial Exhibits derived from Nielsen Information five (5) business days before the time such Trial Exhibits are offered into evidence.

10. The parties acknowledge that Nielsen retains all rights in and to the Nielsen Information except as specifically waived herein.  At the conclusion of the litigation, including any and all appeals and retrials, all persons who have had access to documents containing Nielsen Information shall return any and all copies of those documents in their possession to the producing party or destroy them, all pursuant to the terms of Paragraph 19 of the Stipulated Protective Order.

11. All notices concerning this Stipulation to Nielsen shall be mailed to Nielsen at the time that the notice to Nielsen is to be given as follows:

Eric Rubenstein
General Counsel – Global Media
The Nielsen Company
770 Broadway
New York, New York 10003

The parties giving the notice shall also telephone the fact of the notice to the General Counsel of The Nielsen Company - Media by calling 646-654-5042.

12. The terms of this Stipulation shall survive and remain in force and effect after the termination of this litigation and may not be altered or modified except by written stipulation executed by all parties hereto, and approved by Nielsen.

13. It is agreed between the parties that Nielsen shall not be considered a party to this lawsuit, but the parties hereto agree that Nielsen shall have the right to enforce this Stipulation before this Court at any time during or after this litigation.

Dated: 11/9/12         By: _____

Attorneys for DISH Network, L.L.C. and DISH Network Corporation

Dated: 11/6/12         By: _____

Attorneys for Fox Broadcasting Company, Twentieth Century Fox Film Corp., and Fox Television Holdings, Inc.

Dated: November 6, 2012      By: _____
                                 Marc E. Raven, Sidley Austin LLP
                                 The Nielsen Company (US), LLC