FILED

2013 FEB 19  PM 3: 41

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:_____

Lodged
Proposed
order

JENNER & BLOCK LLP
Richard L. Stone (Cal. Bar No. 110022)
Andrew J. Thomas (Cal. Bar No. 159533)
David R. Singer (Cal. Bar No. 204699)
Amy M. Gallegos (Cal. Bar No. 211379)
633 West 5th Street, Suite 3600
Los Angeles, CA 90071
(213) 239-5100
rstone@jenner.com
athomas@jenner.com
dsinger@jenner.com
agallegos@jenner.com

Attorneys for Plaintiffs
Fox Broadcasting Company, Twentieth Century
Fox Film Corp., and Fox Television Holdings, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOX BROADCASTING COMPANY, INC., TWENTIETH CENTURY FOX FILM CORP., and FOX TELEVISION HOLDINGS, INC.<br><br>Plaintiffs,<br><br>v.<br><br>DISH NETWORK L.L.C. and DISH NETWORK CORP.,<br><br>Defendants. | Case No.  12-CV-04529-DMG (SH)<br><br>**PLAINTIFFS' APPLICATION TO FILE UNDER SEAL** |

ORIGINAL

Pursuant to Civil Local Rule 79-5.1, Plaintiffs Fox Broadcasting Company, Twentieth Century Fox Film Corp., and Fox Television Holdings, Inc. (collectively "Fox" or "Plaintiffs") respectfully seek this Court's approval to file the parties' Joint Stipulation Permitting Filing of First Amended Complaint, and portions of Fox's First Amended Complaint, under seal.

*     *     *

The material that Fox requests to be kept under seal consists of a portion of an allegation regarding the Dish parties' future business plans. (Proposed Am. Compl. ¶ 49).   This allegation references material that has been designated by defendants Dish Network L.L.C., Dish Network Corp. and EchoStar Technologies LLC (collectively "the Dish parties") as confidential pursuant to the parties' July 24, 2012 Protective Order (attached hereto as Exhibit 1).[1]  Dish, accordingly, has requested that the allegation be sealed.

Thus, Fox seeks permission to file those portions of the First Amended Complaint and the Joint Stipulation Permitting Filing of First Amended Complaint that refer to the highly confidential material under seal.

---

[1] Pursuant to the Paragraph 14 of the Order, "Litigation Materials," including motions, declarations, and exhibits, may be designated as Confidential or Highly Confidential, and any materials so designated shall be submitted and/or filed under seal in accordance with Local Rule 79-5.1, subject to Court approval.

- 2 -

1

2

3     Dated:     February 19, 2013

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JENNER & BLOCK LLP

By:

Amy M. Gallegos
Attorneys for Plaintiffs
Fox Broadcasting Company,
Twentieth Century Fox Film Corp.,
and Fox Television Holdings, Inc.

- 3 -

2177455.1

1   JENNER & BLOCK LLP
    Richard L. Stone (Bar No. 110022)
2   Andrew J. Thomas (Bar No. 159533)
    David R. Singer (Bar No. 204699)
3   Amy M. Gallegos (Bar No. 211379)
    633 West 5th Street, Suite 3600
4   Los Angeles, CA 90071
    rstone@jenner.com
5   athomas@jenner.com
    dsinger@jenner.com
6   agallegos@jenner.com

7

8   Attorneys for Plaintiffs
    Fox Broadcasting Company, Twentieth Century
9   Fox Film Corp., and Fox Television Holdings, Inc.

10                  **UNITED STATES DISTRICT COURT**

11                  **CENTRAL DISTRICT OF CALIFORNIA**

12

13   TWENTIETH CENTURY FOX FILM         Case No.  12-cv-04529 DMG (SHx)
     CORP., FOX BROADCASTING
14   COMPANY, AND FOX TELEVISION        **PROTECTIVE ORDER**
     HOLDINGS, INC.
15                                      [Stipulated Protective Order filed
                    Plaintiffs,          concurrently herewith]
16
     v.
17
     DISH NETWORK CORPORATION
18   and DISH NETWORK L.L.C.,

19                  Defendants.

20

21

22

23

24

25

26

27

28

WHEREAS, the Court has reviewed the parties' Stipulated Protective Order dated July 20, 2012, and GOOD CAUSE appearing therefor,

IT IS HEREBY ORDERED THAT:

1.     As used in this Order, "Litigation Material(s)" includes: (a) documents, exhibits, answers to interrogatories, responses to requests for admissions, deposition testimony and transcriptions (including exhibits), and all written, recorded, graphic or electronically-stored matters (and all identical and non-identical copies thereof); (b) any copies, notes, abstracts or summaries of such information, and the information itself; and (c) any pleading, affidavit, declaration, brief, motion, transcript, including exhibits to any of these, or other writing containing such information.

2.     Litigation Materials containing proprietary information, including pricing, rates, customers/subscribers, company security matters, customer lists, financial data and other non-public commercial, financial, research or technical information, may be designated "Confidential" by any producing party or non-party.  Litigation Materials containing trade secrets, special formulas, proprietary software and/or computer programs, current or future marketing plans, current or future business plans or strategies, current or future plans for products or services, customer and subscriber data and information, agreements with third parties, information regarding current or future business or financial transactions, internal financial reports or plans, current or future pricing, rates or planning information, financial data, production data, internal notes, memoranda, logs or other data, and other highly sensitive non-public commercial, financial, research or technical information that the producing party or non-party believes, in good faith, should be afforded the highest level of confidentiality by the Court, may be designated "Highly Confidential" by any producing party or non-party.

3.     All Litigation Materials provided (before or after entry of this Order) in discovery in connection with the above-captioned litigation ("this litigation"),

[PROPOSED] PROTECTIVE ORDER

2120556.1

1   and the contents thereof: shall be used or disclosed by the parties, their counsel, or

2   anyone else provided with Litigation Materials pursuant to the terms of this order,

3   solely for the purpose of the prosecution or defense of this litigation and or the

4   related cases pending in this district (Case Nos. 12-cv-04536 and 12-cv-4551) and

5   the Southern District of New York (12-cv-4155), including preparing for and

6   conducting pre-trial, trial and post-trial proceedings in this litigation, and for no

7   other purpose; shall not be used or disclosed for any business, commercial or

8   competitive purpose; and shall not be used or disclosed in connection with any

9   other litigation or proceeding. In addition, Litigation Materials designated

10   "Confidential" or "Highly Confidential," and the contents thereof, shall not be

11   disclosed other than as provided by the terms of this Order.

12        4.     Any Litigation Materials that the producing party or non-party has

13   properly made available to the general public prior to their production in this

14   litigation or during the course of this litigation shall not be designated

15   "Confidential" or "Highly Confidential."

16        5.     Nothing in this Order affects the right of the party or non-party that

17   produced Litigation Materials to use or disclose any Litigation Materials, or the

18   contents thereof, in any way.

19        6.     (a)(i)  Any party or non-party may designate Litigation Materials, or

20   portions thereof, which are considered confidential or highly confidential by

21   marking them "Confidential" or "Highly Confidential." In order to provide the

22   parties adequate opportunity to designate Litigation Materials as "Confidential" or

23   "Highly Confidential," all Litigation Materials produced in this case shall be

24   deemed "Highly Confidential," whether or not stamped with that legend, for a

25   period of fifteen (15) business days following production, unless the Litigation

26   Materials are within the scope of paragraph 4 of this Order.

27          (ii)   The failure to designate Litigation Materials as "Confidential"

28   or "Highly Confidential" within that fifteen (15) business day period shall not

[PROPOSED] PROTECTIVE ORDER

1  waive a party's or non-party's right to later designate such Litigation Materials as
2  "Confidential" or "Highly Confidential" with prospective effect. If Litigation
3  Materials claimed to be "Confidential" or "Highly Confidential" are produced
4  without that designation, such Litigation Materials and all copies thereof shall
5  within five (5) days of any written notice requesting their return, be returned to the
6  designating person for such designation, destroyed, or stamped "Confidential" or
7  "Highly Confidential," as requested by the designating person. The receiving party
8  may challenge the designation of the documents as provided in this Order, but the
9  inadvertent production of Litigation Materials (including, without limitation,
10  testimony) claimed to be "Confidential" or "Highly Confidential" without the
11  designation shall not constitute a waiver of confidentiality.

12        (b)    For deposition testimony, counsel may invoke the protections of
13  this Order by stating on the record during the deposition that testimony given at the
14  deposition is designated "Confidential" or "Highly Confidential," or by designating
15  the deposition transcript or portions thereof as "Confidential" or "Highly
16  Confidential" within fifteen (15) business days after that counsel has received the
17  final deposition transcript from opposing counsel. All information disclosed during
18  a deposition shall be deemed "Highly Confidential" until the expiration of such
19  fifteen (15) business day period as to counsel for all parties, whether or not any
20  portion of the transcript has been so designated previously and thereafter shall
21  remain "Confidential" or "Highly Confidential," as applicable, if so designated. No
22  person shall be present during any portion of any deposition designated at the
23  deposition as "Confidential" or "Highly Confidential" or any portion of any
24  deposition wherein "Confidential" or "Highly Confidential" Litigation Materials
25  are disclosed, unless that person is an authorized recipient of Litigation Materials
26  containing such confidential or highly confidential information under the terms of
27  this Order.
28

[PROPOSED] PROTECTIVE ORDER

2120556.1

7.     The party or non-party designating any Litigation Materials as "Confidential" or "Highly Confidential" shall, in the first instance, determine in good faith whether it constitutes "Confidential" or "Highly Confidential" information covered by this Order.  Another party may object in good faith to such "Confidential" or "Highly Confidential" designation.  The objecting party and the other person(s) involved shall follow the provisions of Local Rule 37-1, *et seq.* of the Central District of California in (a) their attempt to informally resolve their designation dispute and (b) any motion practice before this Court should such dispute not be resolved informally.   Any Litigation Materials, the designation of which are subject to such dispute, shall be treated as designated pending further order of the Court.  The person asserting the confidentiality of any such Litigation Materials shall bear the burden of establishing that the Litigation Materials are entitled to be classified as designated.

8.     If any Litigation Materials designated "Confidential" or "Highly Confidential" pursuant to this Order are used during the course of a deposition, the portion of the deposition record reflecting such "Confidential" or "Highly Confidential" information shall be designated as "Confidential" or "Highly Confidential," and access thereto shall be limited pursuant to the terms of this Order.

9.     Litigation Materials designated or treated as "Confidential," copies or extracts therefrom and the information contained therein, may be disclosed, given, shown, made available, or communicated to only the following (and then only for purposes of the prosecution, defense or appeal of this litigation):

> a. employees of the parties provided that they are deposition or trial witnesses or are otherwise actively involved in the prosecution, defense or appeal of this litigation and have executed the attached Schedule A;

[PROPOSED] PROTECTIVE ORDER

2120556.1

b. outside counsel retained by the parties to assist in the prosecution, defense or appeal of this litigation, including employees of such counsel's firms, and any companies, independent contractors or other litigation support service personnel with whom such counsel works in connection with this litigation;

c. in-house counsel for the parties (and their paralegal, clerical and/or secretarial assistants) who are actively involved in the prosecution, defense or appeal of this litigation;

d. consultants and/or experts retained by counsel or a party in connection with this litigation to whom it is necessary that "Confidential" Litigation Materials be shown for the sole purpose of assisting in, or consulting with respect to, this litigation, and only upon their agreement to be bound by this Protective Order evidenced by execution of the attached Schedule A;

e. any person expressly identified in any "Confidential" Litigation Materials as an author, a recipient, or having knowledge of the "Confidential" Litigation Materials, and any person for whom a reasonable foundation may be laid that he or she is an author, a recipient, or has knowledge of the "Confidential" Litigation Materials;

f. any person employed by the party that produced the "Confidential" Litigation Materials;

g. the Court in this litigation, and any members of its staff to whom it is necessary to disclose Confidential Litigation Materials for the purpose of assisting the Court in this litigation.

h. stenographers, videographers and court reporters recording or transcribing testimony relating to this litigation and who have executed the attached Schedule A;

- 6 -

[PROPOSED] PROTECTIVE ORDER

i.   other persons only upon written consent of the producing person (which agreement may be recorded in a deposition or other transcript) or upon order of the Court after affording the producing person due notice and an opportunity to be heard.

10.   Litigation Materials designated or treated as "Highly Confidential," copies or extracts therefrom and the information contained therein, shall be treated as "Attorneys' Eyes Only" and may be disclosed, given, shown, made available, or communicated to only the following (and then only for purposes of the prosecution, defense or appeal of this litigation):

a.   outside counsel retained by the parties to assist in the prosecution, defense or appeal of this litigation, including employees of such counsel's firms, and any companies, independent contractors or other litigation support service personnel with whom such counsel works in connection with this litigation;

b.   up to four (4) in house counsel who are actively involved in the prosecution, defense or appeal of this litigation and have executed the attached Schedule A, but who are not involved in any business negotiations regarding programming, affiliation, content licensing or retransmission agreements;

c.   consultants and/or experts retained by counsel or a party in connection with this litigation to whom it is necessary that "Highly Confidential" Litigation materials be shown for the sole purpose of assisting in, or consulting with respect to, this litigation, and only upon their agreement to be bound by this Protective Order evidenced by execution of the attached Schedule A;

d.   any person expressly identified in any "Highly Confidential" Litigation Materials as an author, a recipient, or having knowledge of the "Highly Confidential" Litigation Materials, and any person

- 7 -

[PROPOSED] PROTECTIVE ORDER

1    for whom a reasonable foundation may be laid that he or she is an

2    author, a recipient, or has knowledge of the "Highly Confidential"

3    Litigation Materials;

4    e.   any person employed by the party that produced the "Highly

5    Confidential" Litigation Materials;

6    f.   the Court, and any members of its staff to whom it is necessary to

7    disclose "Highly Confidential" Litigation Materials for the purpose

8    of assisting the Court in this litigation;

9    g.   stenographers, videographers and court reporters recording or

10   transcribing testimony relating to this litigation who have executed

11   the attached Schedule A;

12   h.   other persons only upon written consent of the producing person

13   (which agreement may be recorded in a deposition or other

14   transcript) or upon order of the Court after affording the producing

15   person due notice and an opportunity to be heard.

16       11.   <u>Source Code</u>.  Each party may designate documents, information, or

17   things as "Highly Confidential Source Code Information," which means Source

18   Code, as that term is defined below, which is to be protected in the same manner as

19   what is set forth in this Order, subject to additional protections provided below.

20       A.   Source Code means human-readable programming language text

21   that defines software, firmware, or electronic hardware descriptions and/or

22   instructions (hereinafter referred to as "Source Code").  Source Code includes,

23   without limitation, computer code, scripts, assembly, object code, Source Code

24   listings and descriptions of Source Code, object code listings and descriptions of

25   object code, formulas, engineering specifications, or schematics that define or

26   otherwise describe in detail the algorithms or structure of software.  Source Code

27   documents at least include (1) printed documents that contain or refer to selected

28   Source Code, components ("printed Source Code"); (2) electronic communications

[PROPOSED] PROTECTIVE ORDER

2120556.1

and descriptive documents, such as emails, design documents and programming examples, which contain or refer to selected Source Code components ("described Source Code"); (3) electronic Source Code documents that reside in a Source Code repository from which software and related data files may be compiled, assembled, linked, executed, debugged and/or tested ("Source Code files"); and (4) transcripts, reports, video, audio, or other media that include, quote, cite, describe, or otherwise refer to Source Code, Source Code files, and/or the development thereof.  Source Code files include, but are not limited to documents containing Source Code in "C", "C++", Java, Java scripting languages, assembler languages, command languages and shell languages.  Source Code files may further include "header files," "make" files, project files, link files, and other human-readable text files used in the generation, compilation, translation, and/or building of executable software, including software intended for execution by an interpreter.  The definitions of "Source Code," "printed Source Code," "described Source Code" and "Source Code files" do not include documents or information that merely describe the functionality of a device, service or feature (e.g., the Hopper, PrimeTime Anytime, Auto Hop or Sling Adapter).  However, these definitions are meant to include documents or information that reveal how Source Code effectuates or accomplishes the functionality of a device, service, or feature.

B.      Documents and things produced during the course of this litigation designated as "Highly Confidential Source Code Information" shall be protected in accordance with the "Highly Confidential" designation provided in this Order, and are also subject to the additional protections in this paragraph 11. Nothing in this Order shall obligate the parties to produce any Source Code nor act as an admission that any particular Source Code is discoverable.

C.      The producing party may redact any Source Code that may be contained in a document with a mix of other information and may then produce the redacted document in the same manner as any other document covered by this

- 9 -

[PROPOSED] PROTECTIVE ORDER

1   Protective Order.

2           D.     The producing party shall produce Source Code files by making

3 them available electronically on a stand-alone, non-networked computer without

4 Internet access provided by the producing party ("the Source Code Computer").

5 The Source Code Computer provided by the producing party shall run a reasonably

6 current version of a mutually agreed upon operating system such as Apple OS X,

7 Microsoft Windows or Linux. Source Code files must be produced as they are

8 stored in the ordinary course of business. The Source Code Computer shall be

9 produced, stored, and secured at the Los Angeles offices of the producing party's

10 outside counsel or such other appropriately secure facility as is mutually agreed

11 upon by the parties (termed "the designated facility").

12           E.     Such materials shall be made available for inspection only by

13 the following persons to whom disclosure is authorized pursuant to this Protective

14 Order:

15                 i.     Approved experts and consultants for the receiving party

16 who have executed the attached Schedule A;

17                 ii.     Approved outside counsel for the receiving party who

18 have executed the attached Schedule A;

19           The names and curriculum vitae of any experts, consultants and

20 outside counsel for the receiving party whom the receiving party seeks to designate

21 to inspect source code must be provided to the producing party at least four

22 business days prior to the time of inspection by such individual (for expedited

23 discovery, this shall be two business days). The producing party shall have three

24 business days to object to inspection of source code by a particular individual (for

25 expedited discovery, this shall be one business day). Such objection must be for

26 good cause, stating with particularity the reasons for the objection, and must be in

27 writing. Failure to object within three business days shall constitute approval (for

28 expedited discovery, this shall be one business day). If the parties are unable to

[PROPOSED] PROTECTIVE ORDER

2120556.1

1   resolve objections, application may be made to the Court to resolve the matter. No

2   more than a total of 10 individuals identified by the receiving party shall have

3   access to the Source Code Computer.

4            F.       Source Code shall be made available for inspection and, if

5   necessary, production with the following additional protections:

6                i.      The producing party shall produce Source Code files as

7   they are stored in the ordinary course of business and shall deliver one copy of the

8   Source Code files to the designated facility for review on the Source Code

9   Computer. For sake of clarity, the producing party may provide the Source Code

10   files in read-only form. To the extent a party considers production of specifically

11   identified Source Code files in executable form necessary, the parties shall meet

12   and confer.

13                ii.     The Source Code Computer shall be made available from

14   9 a.m. to 6 p.m. local time, Monday through Friday (excluding federal holidays) on

15   the business days for which a reasonable request for inspection has been made. The

16   receiving party must provide at least one week's notice (two business days for

17   expedited discovery) to the producing party prior to reviewing the Source Code

18   Computer for the first time and one business day's notice before reviewing the

19   Source Code Computer on any non-consecutive business day thereafter.

20                iii.    Proper identification of all approved individuals shall be

21   provided prior to any access to the secure room at the designated facility or the

22   Source Code Computer. Proper identification requires showing, at a minimum, a

23   photo identification card sanctioned by the government of any State of the United

24   States, by the government of the United States, or by the nation state of the

25   authorized person's current citizenship.

26                iv.     The producing party shall install tools that are sufficient

27   for viewing and searching the code produced, on the platform produced, if such

28   tools exist and are presently used in the ordinary course of the producing party's

[PROPOSED] PROTECTIVE ORDER

2120556.1

1    business.  The receiving party may request that commercially available software
2    tools for viewing and searching Source Code be installed on the Source Code
3    Computer, provided, however, that such other software tools are reasonably
4    necessary for the receiving party to perform its review of the Source Code
5    consistent with all of the protections herein.  Specific tools may include, but are not
6    limited to multi-file text search tools such as "grep", dtSearch, Understand for Java,
7    Understand for C, Visual Slick Edit, Source-Navigator, PowerGrep and
8    ExamDiffPro or similar programs.  Where executable Source Code is installed on
9    the Source Code Computer, the receiving party shall be entitled to install and use
10   appropriate compilers, debuggers and text editors so long as the receiving party
11   agrees that no edits may be performed on the Highly Confidential Source Code
12   Information.  The receiving party must provide the producing party with the CD or
13   DVD containing such licensed software tool(s) at least ten (10) days in advance of
14   the date upon which the receiving party wishes to have the additional software tools
15   available for use on the Source Code Computer (four business days for expedited
16   discovery).

17             v.      The producing party shall make available a laser printer
18   with commercially reasonable printing speeds for on-site printing during inspection
19   of the Source Code.  Source Code may only be printed on watermarked pre-Bates
20   numbered paper, which shall be provided by the producing party.  Upon printing
21   any such portions of Source Code, the printed pages shall be collected by the
22   producing party.  The producing party shall Bates number and label with "Highly
23   Confidential Source Code Information" any pages printed by the receiving party
24   and deliver them to the receiving party or object within three business days of their
25   receipt.

26             vi.     The receiving party may print portions of the Source
27   Code only when reasonably necessary to prepare court filings or pleadings or other
28   papers (including a testifying expert's expert report or for use as deposition

[PROPOSED] PROTECTIVE ORDER

2120556.1

1  exhibits).  The receiving party shall not print Source Code in order to review blocks

2  of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing

3  that Source Code electronically on the Source Code Computers.  Printed portions

4  that exceed 50 continuous pages or 10% or more of a specific software release

5  (operating systems and applications) shall be presumed excessive and not done for

6  a permitted purpose.  If, after meeting and conferring, the producing party and the

7  receiving party cannot resolve the objection, the producing party shall be entitled to

8  seek a resolution from the Court of whether the printed Source Code in question is

9  narrowly tailored and was printed for a permitted purpose.  The burden shall be on

10 the receiving party to demonstrate that such printed portions are no more than is

11 reasonably necessary for a permitted purpose and not merely printed for the

12 purposes of review and analysis elsewhere.

13        vii.        The printed pages shall constitute part of the Source Code

14 produced by the producing party in this action.  Only those consultants, experts and

15 outside attorneys who have been approved to inspect source code, and who have

16 executed the attached Schedule A, may have access to the printed pages.  Each

17 consultant, expert, or outside attorney will record on a log every page of Source

18 Code that has been printed ("print logs").  Print logs should be secured in a locked

19 and secure room when not in use.

20        viii.       Any external storage media containing Source Code shall

21 be disconnected from and/or removed from its Source Code Computer and stored in

22 a locked room, safe or storage cabinet when it is not actually being accessed.

23        ix.        The Source Code Computer and the safe or storage

24 cabinet must be kept in a locked and secure room (the "Source Code Review

25 Room").

26        x.        No recordable media or recordable devices, including

27 without limitation sound recorders, computers, cellular telephones, PDAs,

28 peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be

- 13 -         [PROPOSED] PROTECTIVE ORDER

2120556.1

1    permitted into the Source Code Review Room.  The receiving party's outside

2    counsel and/or experts shall be entitled to take notes relating to the Source Code but

3    may not copy the Source Code into the notes and may not take such notes

4    electronically on the Source Code Computer itself or any other computer.  No

5    copies of all or any portion of the Source Code may leave the room in which the

6    Source Code is inspected except as otherwise provided herein.  Further, no other

7    written or electronic record of the Source Code is permitted except as otherwise

8    provided herein.  A phone shall be made available in the secure room.

9            xi.      The producing party may monitor the activities of the

10    receiving party's representatives during any Source Code review, but only to ensure

11    that no unauthorized electronic records of the Source Code and that no information

12    concerning the Source Code are being created or transmitted in any way.  Such

13    monitor shall not remain in the Source Code Review Room and shall not be able to

14    listen to any activity taking place in the Source Code Review Room.  No video may

15    be made of any activity taking place in the Source Code Review Room, nor shall

16    the monitor be permitted to report on any activities therein other than as may relate

17    to the above-referenced purpose of the monitoring.

18            xii.      Unless otherwise agreed in advance by the parties in

19    writing, at the conclusion of each day of Source Code inspection, the receiving

20    party shall remove all notes, documents and all other materials from the room that

21    may contain work product and/or attorney-client privileged information.  The

22    producing party shall not be responsible for any items left in the room following

23    any inspection session, nor shall the presence of such materials bar the producing

24    party from entering or using the inspection room.

25            xiii.      Except as specifically permitted in this Paragraph 11, the

26    receiving party will not copy, remove, or otherwise transfer any Source Code from

27    the Source Code Computer including, without limitation, copying, removing, or

28    transferring the Source Code onto any recordable media or recordable device.  The

- 14 -        [PROPOSED] PROTECTIVE ORDER

1   receiving party will not transmit any Source Code in any way from the producing

2   party's facilities or the offices of its outside counsel of record.

3         xiv.     The Source Code Computer and/or external storage media

4   used to store the Source Code shall be password protected and, at the option of the

5   producing party, further protected using PGP or comparable encryption.

6         xv.     No electronic copies of Source Code shall be made

7   (including by way of example only, the receiving party may not scan the Source

8   Code to a PDF or photograph the code), other than volatile copies necessarily made

9   in the course of loading, accessing, compiling, modeling and/or executing the

10   Source Code or running data processing systems that use or incorporate the Source

11   Code on the Source Code Computer.  Images or copies of Source Code shall not be

12   included in correspondence between the parties (references to production numbers

13   shall be used instead), and shall be omitted from pleadings and other papers

14   whenever possible.  If a party reasonably believes that it needs to submit a portion

15   of the Source Code as part of a filing with the Court, the parties shall meet and

16   confer as to how to make such a filing while protecting the confidentiality of the

17   Highly Confidential Source Code and such filing will not be made absent

18   agreement from the producing party that the confidentiality protections will be

19   adequate.

20         xvi.     The receiving party's outside counsel of record may make

21   no more than five (5) additional paper copies of any portions of the Source Code

22   received from a producing party, not including copies attached to court filings or

23   used at depositions, and shall maintain a log of all paper copies of the Source Code

24   received from a producing party that are delivered by the receiving party to any

25   approved individual.  The log shall include the names of the reviewers and/or

26   recipients of paper copies and locations where the paper copies are stored.  Upon

27   reasonable notice to the receiving party by the producing party, the receiving party

28   shall provide a copy of this log to the producing party.

- 15 -

[PROPOSED] PROTECTIVE ORDER

1    xvii.    Copies of Source Code that are marked as deposition
2 exhibits shall not be provided to the court reporter or attached to deposition
3 transcripts; rather, the deposition record will identify the exhibit by its production
4 numbers. All paper copies of Source Code brought to a deposition shall be securely
5 destroyed in a timely manner following the deposition.

6    xviii.    Any printed pages of Source Code shall be stored in a
7 locked safe or storage cabinet when not actually in use.

8    xix.    The receiving party shall maintain a log of all individuals
9 who have accessed the Source Code Computer. The log shall be made available to
10 the producing party upon reasonable request. The log shall include the name of
11 each person who accessed the Source Code Computer. Such log and any
12 information from it shall be inadmissible in this litigation except in connection with
13 proceedings before the Court regarding any alleged violations of this Protective
14 Order.

15    At the end of this action (including any related appeals), any entity receiving
16 Source Code will certify that: (a) all printed copies of Source Code have been
17 returned, with the exception of exhibits that were attached to filed pleadings or
18 admitted into evidence; (b) any electronic storage or memory media that may
19 contain Source Code has been returned, fully reformatted, and/or destroyed; and (c)
20 any access logs maintained by counsel have been archived along with counsel's
21 other records from this litigation. Other than set forth in this subparagraph, counsel
22 may not maintain a file copy of Source Code material.

23    12.    Nothing in this Order shall allow non-testifying experts and
24 consultants to be deposed or otherwise be the subject of discovery other than as
25 provided under the Federal Rules of Civil Procedure.

26    13.    (a)    Nothing in this Order shall prevent or otherwise restrict counsel
27 from rendering advice to their clients and, in the course thereof, relying generally
28 on "Confidential" or "Highly Confidential" Litigation Materials; provided, that in

- 16 -

[PROPOSED] PROTECTIVE ORDER

2120556.1

1    rendering such advice and otherwise communicating with such client, counsel shall

2    not make any disclosure of the specific substance of Litigation Materials so

3    designated except as otherwise allowed in this Order.

4              (b)    If, at any time, any Litigation Materials in the possession,

5    custody or control of any person other than the person who originally produced

6    such Litigation Materials are subpoenaed or requested by any court, administrative

7    agency, legislative body or other person or entity, the person to whom the subpoena

8    or request is directed shall immediately provide written notice to each person who

9    originally produced such Litigation Materials or designated them "Confidential" or

10   "Highly Confidential," and the person to whom the subpoena or request is directed

11   shall not take an adverse position to such producing or designating person(s) who

12   oppose the subpoena or request for such Litigation Materials.

13         14.    Except as agreed to in writing by counsel of record or as ordered by

14   the Court, Litigation Materials designated or treated as "Confidential" or "Highly

15   Confidential" shall be submitted and/or filed under seal in accordance with Local

16   Rule 79-5.

17         15.    Nothing herein shall prevent any of the parties from using

18   "Confidential" or "Highly Confidential" Litigation Materials in any trial in this

19   litigation or from seeking further protection with respect to the use of any

20   "Confidential" or "Highly Confidential" Litigation Materials in any trial in this

21   litigation.  Means to preserve the confidentiality of Litigation Materials presented at

22   any trial of this matter shall be considered and implemented prior to the beginning

23   of such trial.  "Confidential" or "Highly Confidential" Litigation Materials that are

24   not received into evidence at trial shall retain their "Confidential" or "Highly

25   Confidential" status under this Order.

26         16.    The terms of this Order shall apply to all manner and means of

27   discovery. The provisions of this Order may be modified at any time by stipulation

28   of the parties, approved by order of the Court.  In addition, a party may at any time

- 17 -

[PROPOSED] PROTECTIVE ORDER

1  apply to the Court for modification of this Order.  Nothing in this Order shall

2  constitute (a) any agreement to produce in discovery any testimony, document or

3  other information; (b) a waiver of any right to object to or seek a further protective

4  order with respect to any discovery or other matter in this or any other litigation; or

5  (c) a waiver of any claim or immunity, protection, or privilege with respect to any

6  testimony, document or information.

7      17.    In the event that Litigation Materials designated or treated as

8  "Confidential" or "Highly Confidential" are disclosed to someone not authorized to

9  receive such information under this Order, counsel of record for the party making

10  that disclosure shall, promptly upon learning of such disclosure, give notice to

11  counsel of record for the designating person and to counsel of record for the

12  producing person (if different), and shall describe the circumstances surrounding

13  the unauthorized disclosure.

14      18.    If any person inadvertently produces in discovery any information

15  subject to attorney-client privilege, work product doctrine or any other privilege,

16  protection, or immunity, and the requirements of Federal Rule of Evidence 502(b)

17  have been satisfied, the producing person may (promptly upon learning of such

18  production) notify the receiving party(ies) of such production and seek the return

19  and/or destruction of such information as set forth below.  Upon such notification:

20  the receiving party(ies) shall promptly return to the producing person or shall

21  destroy all such information (including, without limitation, all originals and copies

22  of any documents containing or comprising such information); the information

23  (including, without limitation, all originals and copies of any documents containing

24  or comprising such information) shall continue to be privileged, protected, and/or

25  immune; and no use shall be made of such information (including, without

26  limitation, all originals and copies of any documents containing or comprising such

27  information) by the receiving party(ies), nor shall it be disclosed to anyone by the

28  receiving party(ies).  The receiving party(ies) shall promptly provide to the

- 18 -                    [PROPOSED] PROTECTIVE ORDER

2120556.1

1  producing person a written certification of the complete return or destruction of

2  such information (including, without limitation, all originals and copies of any

3  documents containing or comprising such information); provided that, to the extent

4  any receiving party has incorporated any such information in its own work product,

5  it may (instead of providing such work product to the producing person) destroy

6  such information incorporated in that work product and promptly certify to such

7  destruction.  Nothing herein, however, shall preclude the receiving party(ies) from

8  subsequently challenging that such materials are privileged, or that any such

9  privilege has not been waived.

10      19.     Upon termination of this litigation and the request of the producing

11  person, the originals and all copies, whether exact copies or compilations, digests or

12  non-exact copies in any form, of Litigation Materials shall, within thirty (30) days,

13  be returned to the person who produced such Litigation Materials (with the

14  resulting shipping expense to be paid by the producing person), or shall be

15  destroyed (together with a written certification of the complete destruction of the

16  Litigation Materials), or shall otherwise be disposed as may be mutually agreeable

17  among the applicable persons.  The obligation to return/destroy Confidential (as

18  opposed to Highly Confidential) materials shall be limited to reasonable efforts.

19  Nevertheless, counsel of record may retain their file copies of all court filings,

20  official transcripts and exhibits, provided that counsel continues to treat all

21  Litigation Materials in the manner provided in this Order.  Notwithstanding the

22  provisions of this paragraph, inaccessible copies of confidential or proprietary

23  material, including electronic copies created through the routine operation of the

24  recipient(s)' standard archival and backup procedures, do not need to be returned or

25  destroyed.

26      20.     This Order shall remain in force and effect until modified, superseded

27  or terminated by agreement of the parties hereto or by order of the Court.  The

28  termination of this action shall not relieve the parties from complying with any

- 19 -                    [PROPOSED] PROTECTIVE ORDER

2120556.1

1  limitations imposed by this Order, and the Court shall retain jurisdiction to enforce

2  this Order.

3      21.    The entry of this Order does not prevent either party from seeking a

4  further order of this Court pursuant to Rule 26(c) of the Federal Rules of Civil

5  Procedure.

6

7

8  SO ORDERED:

9  Dated: July 24, 2012

10                      STEPHEN J. HILLMAN
11                    United States Magistrate Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2120556.1

- 20 -                    [PROPOSED] PROTECTIVE ORDER

<u>Schedule A</u>

By my signature, I hereby acknowledge that I have read the Stipulated Protective Order, dated July __, 2012 (the "Protective Order") entered in *Fox Broadcasting Company, Twentieth Century Fox Film Corp., and Fox Television Holdings, Inc. v. DISH Network L.L.C. and DISH Network Corporation* , Case No. 12-cv-04529 DMG (SHx), pending in the United States District Court for the Central District of California and hereby agree to be bound by the terms thereof. I further agree that to the extent that my employees are provided with "Confidential" and/or "Highly Confidential" Litigation Materials, I will instruct such employees regarding the terms of the Protective Order. I further agree to subject myself to the jurisdiction of the United States District Court for the Central District of California with respect to all matters relating to compliance of the Protective Order.

Dated:_____

City and State: _____

Signature:

_____

Title:_____

Address:_____

_____

_____

- 21 -

[PROPOSED] PROTECTIVE ORDER

2120556.1