WILLIAM A. MOLINSKI (SBN 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, California  90017
Tel: +1-213-629-2020 / Fax: +1-213-612-2499

ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, California 94105-2669
Tel: +1-415-773-5700 / Fax: +1-415-773-5759

E. JOSHUA ROSENKRANZ (*pro hac vice*)
jrosenkranz@orrick.com
PETER A. BICKS (*pro hac vice*)
pbicks@orrick.com
ELYSE D. ECHTMAN (*pro hac vice*)
eechtman@orrick.com
LISA T. SIMPSON (*pro hac vice*)
lsimpson@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, New York  10019-6142
Tel: +1-212-506-5000 / Fax: +1-212-506-5151

MARK A. LEMLEY (SBN 155830)
mlemley@durietangri.com
MICHAEL PAGE (SBN 154913)
mpage@durietangri.com
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, California  94111
Tel: +1-415-362-6666

Attorneys for Defendants DISH Network L.L.C., DISH Network Corp., and EchoStar Technologies L.L.C.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOX BROADCASTING COMPANY, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DISH NETWORK L.L.C., *et al.*,<br><br>Defendants. | Case No. CV12-04529 DMG (SHx)<br><br>**DEFENDANTS DISH NETWORK CORPORATION'S AND DISH NETWORK L.L.C.'S ANSWER TO FOX'S FIRST AMENDED COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Defendants DISH Network L.L.C. and DISH Network Corporation (together "DISH"[1]), by and through their attorneys, hereby answer the complaint of Fox Broadcasting Company, Twentieth Century Fox Film Corporation, and Fox Television Holdings, Inc., (together "Fox") as follows, based upon information and belief:

## "NATURE OF THE ACTION"

1. With respect to Paragraph 1 of the Amended Complaint, DISH admits that it is a party to contracts with ABC, Inc. ("ABC"), CBS Corporation ("CBS"), Fox, and NBCUniversal Media, L.L.C ("NBC") (collectively, the "Major Television Networks") that authorize it to retransmit broadcast signals containing the television programming on the ABC, CBS, Fox and NBC television networks, respectfully refers the Court to those agreements for a complete and accurate statement of their terms and otherwise denies the allegations set forth in the first and second sentences of that Paragraph. DISH denies the allegations set forth in the third sentence of that Paragraph.

2. With respect to Paragraph 2 of the Amended Complaint, DISH denies the allegations.

3. With respect to Paragraph 3 of the Amended Complaint, DISH denies the allegations.

4. With respect to Paragraph 4 of the Amended Complaint, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in that Paragraph.

5. With respect to Paragraph 5 of the Amended Complaint, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first three sentences of that Paragraph. DISH denies the allegations set forth in the fourth and fifth sentences.

---

[1] All admissions as to actions by DISH contained herein refer to actions taken by DISH Network L.L.C. DISH Network Corporation is a holding entity. EchoStar Technologies L.L.C. has filed a separate answer to this Amended Complaint.

6. With respect to Paragraph 6 of the Amended Complaint, DISH admits that "DISH Anywhere" was announced in January 2013, that DISH introduced a second-generation Hopper Whole-Home HD DVR known as "Hopper with Sling", and that the Hopper with Sling includes a feature called "Hopper Transfers" which subscribers can use to transfer DVR recordings to an iPad, and otherwise denies the allegations set forth in that Paragraph.

7. With respect to Paragraph 7 of the Amended Complaint, DISH admits that it has a Retransmission Consent Agreement, as amended, with Fox, respectfully refers the Court to that agreement for a complete and accurate statement of its terms, and otherwise denies the allegations.

## "THE PARTIES"

8. With respect to Paragraph 8 of the Amended Complaint, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

9. With respect to Paragraph 9 of the Amended Complaint, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

10. With respect to Paragraph 10 of the Amended Complaint, DISH believes that Fox Television Holdings is a Delaware corporation with its principal place of business in Los Angeles and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in that Paragraph.

11. With respect to Paragraph 11 of the Amended Complaint, DISH admits the allegations set forth in the first and second sentences. With respect to the third sentence of Paragraph 11, DISH admits that DISH Network, L.L.C. and Fox Television Holdings are parties to a Retransmission Consent Agreement, which was most recently amended in 2010, respectfully refers the Court to that Retransmission Consent Agreement, as amended, for a complete and accurate

statement of its terms and otherwise denies the allegations.

12. With respect to Paragraph 12 of the Amended Complaint, DISH admits the allegations set forth in the first sentence, DISH further admits that DISH Network L.L.C. is an indirect wholly-owned subsidiary of DISH Network Corporation, and otherwise denies the remaining allegations set forth in that Paragraph.

13. With respect to Paragraph 13 of the Amended Complaint, DISH admits the allegations.

14. With respect to Paragraph 14 of the Amended Complaint, DISH admits that EchoStar and DISH have common controlling ownership and EchoStar Technologies is dependent on DISH for a substantial portion of its business and revenues and otherwise denies the allegations.

15. With respect to Paragraph 15 of the Amended Complaint, to the extent that it contains legal conclusions, no response is required. To the extent that a response might be required, DISH denies the allegations.

## "JURISDICTION AND VENUE"

16. With respect to Paragraph 16 of the Amended Complaint, to the extent that it contains legal conclusions, no response is required. To the extent that a response might be required, DISH admits that Fox seeks damages and injunctive relief based upon certain legal theories, but denies that Fox is entitled to any such relief and otherwise denies the allegations set forth in that Paragraph.

17. With respect to Paragraph 17 of the Amended Complaint, to the extent that it contains legal conclusions, no response is required. To the extent that a response might be required, DISH admits that the federal district courts have federal question jurisdiction over Fox's copyright claims and pendent jurisdiction over Fox's state law claims, but denies that Fox's claims are appropriately brought in this Court.

18. With respect to Paragraph 18 of the Amended Complaint, to the extent

1  that it contains legal conclusions, no response is required. To the extent that a
2  response might be required, DISH admits that DISH Network L.L.C. does business
3  in California and that this Court has personal jurisdiction over DISH Network
4  L.L.C., and otherwise denies the allegations.

5       19.    With respect to Paragraph 19 of the Amended Complaint, to the extent
6  that it contains legal conclusions, no response is required. To the extent that a
7  response might be required, DISH admits that the Court has personal jurisdiction
8  over DISH Network L.L.C. and otherwise denies the remaining allegations,
9  including but not limited to the allegation that venue is proper in this district. DISH
10 avers that the Southern District of New York is a far more convenient venue for this
11 dispute and that venue in the Southern District of New York would best serve the
12 interests of judicial economy and efficiency and avoid the risk of inconsistent
13 adjudications, because it would allow all related actions and claims involving DISH
14 and the four major television networks to be heard in one court and before one
15 federal district judge.

**"GENERAL ALLEGATIONS"**

**"A.    FOX's Copyrighted Primetime Programming"**

18      20.    With respect to Paragraph 20 of the Amended Complaint, DISH denies
19 knowledge or information sufficient to form a belief as to the truth or falsity of the
20 allegations set forth in that Paragraph and Exhibit A.

21      21.    With respect to Paragraph 21 of the Amended Complaint, to the extent
22 it contains legal conclusions, no response is required, and DISH otherwise denies
23 knowledge or information sufficient to form a belief as to the truth or falsity of the
24 allegations.

25      22.    With respect to Paragraph 22 of the Amended Complaint, DISH denies
26 knowledge or information sufficient to form a belief as to the truth or falsity of the
27 allegations.
28 //

**"B.   Commercial Advertising and the Broadcast Television Business Model"**

23.   With respect to Paragraph 23 of the Amended Complaint, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

24.   With respect to Paragraph 24 of the Amended Complaint, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

25.   With respect to Paragraph 25 of the Amended Complaint, DISH admits that it pays re-transmission fees to Fox pursuant to the parties' Retransmission Consent Agreement and respectfully refers to the Court to that Retransmission Consent Agreement for a complete and accurate statement of its terms.  DISH otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in that Paragraph.

**"C.   Secondary Markets for the Distribution and Sale of the FOX Programs"**

26.   With respect to Paragraph 26 of the Amended Complaint, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

27.   With respect to Paragraph 27 of the Amended Complaint, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

28.   With respect to Paragraph 28 of the Amended Complaint, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

29.   With respect to Paragraph 29 of the Amended Complaint, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

30.   With respect to Paragraph 30 of the Amended Complaint, DISH denies knowledge or information sufficient to form a belief as to the

allegations.

**"D.    The DISH Parties' Unlawful Conduct"**

    **"1.    PTAT with AutoHop"**

31. With respect to Paragraph 31 of the Amended Complaint, DISH denies the allegations set forth in the first sentence. With respect to the second sentence of Paragraph 31, DISH admits that it offers a service called "Blockbuster @Home" and further admits that it has offered a service called "Blockbuster Movie Pass" and otherwise denies the allegations. With respect to the third sentence of Paragraph 31, DISH admits that it purports to quote from content appearing on DISH's website at an unspecified time, but denies that the quote is accurate and respectfully refers the Court to that website content for a complete and accurate statement of its terms and the context in which it appears, and otherwise denies the allegations. With respect to the fourth sentence of Paragraph 31, DISH admits that it references content that appeared on DISH's website at an unspecified time and respectfully refers the Court to that website content for a complete and accurate statement of its terms and the context in which it appears, and otherwise denies the allegations.

32. With respect to Paragraph 32 of the Amended Complaint, DISH admits that it began offering the Hopper Whole-Home HD DVR System (the "Hopper"), which it purchases from EchoStar, to subscribers in mid-March 2012, the Hopper is a set-top box leased to subscribers who purchase certain packages of services from DISH and meet certain other criteria, and avers that it is also made available on certain other terms, and otherwise denies the allegations set forth in that Paragraph.

33. With respect to Paragraph 33 of the Amended Complaint, DISH admits that the paragraph and footnote 4 purport to quote from content appearing on DISH's website at an unspecified time, but denies that the quote is accurate, and respectfully refers the Court to that website content for a complete and accurate statement of its terms and the context in which it appears and otherwise denies the

1  allegations set forth in Paragraph 33 and footnote 4.

2      34.    With respect to Paragraph 34 of the Amended Complaint, DISH denies the allegations set forth in the first sentence. With respect to the second sentence of Paragraph 34, DISH admits that Vivek Khemka, a DISH employee, has been interviewed concerning the PrimeTime Anytime feature, respectfully refers the Court to those interviews for a complete and accurate account of the statements made by Mr. Khemka, as well as the context of those statements, and otherwise denies the allegations.

9      35.    With respect to Paragraph 35 of the Amended Complaint, DISH denies the allegations.

11      36.    With respect to Paragraph 36 of the Amended Complaint, DISH admits that the PrimeTime Anytime ("PTAT") software was updated in July 2012, and otherwise denies the allegations set forth in that Paragraph.

14      37.    With respect to Paragraph 37 of the Amended Complaint, DISH denies the allegations.

16      38.    With respect to Paragraph 38 of the Amended Complaint, to the extent that it contains legal conclusions, no response is required. To the extent that a response might be required, DISH denies the allegations.

19      39.    With respect to Paragraph 39 of the Amended Complaint, DISH denies the allegations.

21      40.    With respect to Paragraph 40 of the Amended Complaint, DISH denies the allegations set forth in the first sentence of the Paragraph. With respect to the second and third sentences of Paragraph 40, DISH admits that it has used the phrase "commercial-free TV" in its advertising, respectfully refers the Court to those advertisements for a complete and accurate statement of their terms and the context in which they appear, and otherwise denies the allegations.

27      41.    With respect to Paragraph 41 of the Amended Complaint, DISH admits that the first sentence describes content appearing on its website at an

1  unspecified time, respectfully refers the Court to that website content for a complete
2  and accurate statement of its terms and the context in which it appeared, and
3  otherwise denies the allegations set forth in that sentence. With respect to the
4  second sentence of Paragraph 41, DISH admits that it purports to quote from
5  DISH's "AutoHop Quick Start Guide," but denies that the quote is accurate,
6  respectfully refers the Court to that "AutoHop Quick Start Guide" for a complete
7  and accurate statement of its terms, and otherwise denies the allegations set forth in
8  that sentence.
9      42.    With respect to Paragraph 42 of the Amended Complaint, DISH
10 admits that it quotes from DISH's "AutoHop Quick Start Guide," respectfully
11 refers the Court to that document for a complete and accurate statement of its terms,
12 and otherwise denies the remaining allegations set forth in that Paragraph.
13     43.    With respect to Paragraph 43 of the Amended Complaint, DISH
14 admits that the AutoHop feature works only with certain primetime broadcast
15 network programming and only when the PrimeTime Anytime feature is enabled by
16 the subscriber, and otherwise denies the allegations.
17     44.    With respect to Paragraph 44 of the Amended Complaint, DISH denies
18 the allegations set forth in the first, third, fourth, fifth, and sixth sentences. With
19 respect to the second sentence of Paragraph 44, DISH admits that it transmits the
20 four major television networks' signals from a single satellite transponder, and
21 otherwise denies the allegations set forth in that sentence.
22     45.    With respect to Paragraph 45 of the Amended Complaint, DISH denies
23 the allegations.
24     46.    With respect to Paragraph 46 of the Amended Complaint, DISH denies
25 the allegations.
26     47.    With respect to Paragraph 47 of the Amended Complaint, DISH denies
27 the allegations.
28 //

### "2. **The DISH Anywhere Service**"

48. With respect to Paragraph 48 of the Amended Complaint, DISH admits that the Sling Adapter is a separately sold device that DISH subscribers can connect to a DISH set-top box such as the Hopper to obtain remote access to live television programming and DVR recordings, including PTAT recordings, over the Internet, and otherwise denies the allegations.

49. With respect to Paragraph 49 of the Amended Complaint, DISH admits the first sentence. With respect to the second sentence of Paragraph 49, DISH admits that its subscribers can use devices with Sling functionality to remotely view live and recorded video content via Internet-connected devices and otherwise denies the allegations set forth in the second sentence. With respect to the third sentence of Paragraph 49, DISH admits that it describes content appearing on its website at an unspecified time, respectfully refers the Court to that website content for a complete and accurate statement of its terms and the context in which it appeared, and otherwise denies the allegations set forth in the third sentence.

50. With respect to Paragraph 50 of the Amended Complaint, DISH admits that the first and second sentences describe content appearing on its website at an unspecified time, respectfully refers the Court to that website content for a complete and accurate statement of its terms and the context in which it appeared, and otherwise denies the allegations set forth in that Paragraph.

51. With respect to the first sentence of Paragraph 51 of the Amended Complaint, DISH admits that the Hopper with Sling includes a "Hopper Transfers" feature that subscribers can use to copy a recorded program from the Hopper to an iPad using a home Wi-Fi connection and that the program can be watched on the iPad without an internet connection, and otherwise denies the allegations set forth in that sentence. With respect to the second sentence of Paragraph 51, DISH admits the allegations.

52. With respect to Paragraph 52 of the Amended Complaint, DISH denies

1. the allegations.

**"3. The AutoHop Copies"**

53. With respect to Paragraph 53 of the Amended Complaint, DISH admits the allegations.

54. With respect to Paragraph 54 of the Amended Complaint, DISH admits that EchoStar provides services to DISH that include development, testing, and delivery of software for the Hopper, that EchoStar performs tasks relating to PTAT and AutoHop, and otherwise denies the allegations set forth in that Paragraph.

55. With respect to Paragraph 55 of the Amended Complaint, DISH admits that DISH contracted with EchoStar for development, testing, and delivery of software for the Hopper and otherwise denies the allegations set forth in that Paragraph.

56. With respect to Paragraph 56 of the Amended Complaint, DISH denies the allegations.

57. With respect to Paragraph 57 of the Amended Complaint, DISH denies the allegations.

**"E. DISH's Breaches of the Retransmission Consent Agreement and Letter Agreement"**

58. With respect to Paragraph 58 of the Amended Complaint, to the extent that it contains legal conclusions, no response is required. To the extent that a response might be required, DISH respectfully refers the Court to the Retransmission Consent Agreement, as amended, for a complete and accurate statement of its terms and otherwise denies the allegations.

59. With respect to Paragraph 59 of the Amended Complaint, DISH admits the first sentence of that Paragraph. With respect to the second and third sentences of Paragraph 59, DISH respectfully refers the Court to the Retransmission Consent Agreement, as amended, for a complete and accurate

statement of its terms and otherwise denies the allegations.

60. With respect to Paragraph 60 of the Amended Complaint, DISH respectfully refers the Court to the Retransmission Consent Agreement, as amended, for a complete and accurate statement of its terms, and otherwise denies the allegations set forth in that Paragraph.

61. With respect to Paragraph 61 of the Amended Complaint, to the extent that it contains legal conclusions, no response is required. To the extent that a response might be required, DISH respectfully refers to the Court to the Retransmission Consent Agreement, as amended, for a complete and accurate statement of its terms and otherwise denies the allegations.

62. With respect to Paragraph 62 of the Amended Complaint, to the extent that it contains legal conclusions, no response is required. To the extent that a response might be required, DISH respectfully refers to the Court to the Retransmission Consent Agreement, as amended, for a complete and accurate statement of its terms and otherwise denies the allegations.

63. With respect to Paragraph 63 of the Amended Complaint, DISH respectfully refers the Court to the Retransmission Consent Agreement, as amended, for a complete and accurate statement of its terms and otherwise denies the allegations set forth in that Paragraph.

## "FIRST CLAIM FOR RELIEF"
### "(Direct Copyright Infringement against all Defendants)"

64. DISH incorporates by reference its answers to Paragraphs 1-63 of the Amended Complaint, as if fully set forth herein.

65. With respect to Paragraph 65 of the Amended Complaint, DISH denies the allegations.

66. With respect to Paragraph 66 of the Amended Complaint, DISH denies the allegations.

67. With respect to Paragraph 67 of the Amended Complaint, DISH denies

1  the allegations.

2  68.   With respect to Paragraph 68 of the Amended Complaint, DISH denies
3  the allegations.

4  69.   With respect to Paragraph 69 of the Amended Complaint, DISH denies
5  the allegations.

6  70.   With respect to Paragraph 70 of the Amended Complaint, DISH denies
7  the allegations.

8  71.   With respect to Paragraph 71 of the Amended Complaint, DISH denies
9  the allegations.

10 72.   With respect to Paragraph 72 of the Amended Complaint, DISH denies
11 the allegations.

12 73.   With respect to Paragraph 73 of the Amended Complaint, DISH denies
13 the allegations.

14 74.   With respect to Paragraph 74 of the Amended Complaint, DISH denies
15 the allegations.

16 75.   With respect to Paragraph 75 of the Amended Complaint, DISH denies
17 the allegations.

18 76.   With respect to Paragraph 76 of the Amended Complaint, DISH denies
19 the allegations.

20 77.   With respect to Paragraph 77 of the Amended Complaint, DISH denies
21 the allegations.

22 78.   With respect to Paragraph 78 of the Amended Complaint, DISH denies
23 the allegations.

24 79.   With respect to Paragraph 79 of the Amended Complaint, DISH denies
25 the allegations.

26 //
27 //
28 //

## "SECOND CLAIM FOR RELIEF"

### "(Secondary Copyright Infringement against all Defendants)"

80. DISH incorporates by reference its answers to Paragraphs 1-79 of the Amended Complaint, as if fully set forth herein.

81. With respect to Paragraph 81 of the Amended Complaint, DISH denies the allegations.

82. With respect to Paragraph 82 of the Amended Complaint, DISH denies the allegations.

83. With respect to Paragraph 83 of the Amended Complaint, DISH denies the allegations.

84. With respect to Paragraph 84 of the Amended Complaint, DISH denies the allegations.

85. With respect to Paragraph 85 of the Amended Complaint, DISH denies the allegations.

86. With respect to Paragraph 86 of the Amended Complaint, DISH denies the allegations.

87. With respect to Paragraph 87 of the Amended Complaint, DISH denies the allegations.

88. With respect to Paragraph 88 of the Amended Complaint, DISH denies the allegations.

89. With respect to Paragraph 89 of the Amended Complaint, DISH denies the allegations.

90. With respect to Paragraph 90 of the Amended Complaint, DISH denies the allegations.

## "THIRD CLAIM FOR RELIEF"

### "(Breach of Contract against DISH)"

91. DISH incorporates by reference its answers to Paragraphs 1-91 of the Amended Complaint, as if fully set forth herein.

1	92.	With respect to Paragraph 92 of the Amended Complaint, DISH denies the allegations.

3	93.	With respect to Paragraph 93 of the Amended Complaint, DISH denies the allegations.

5	94.	With respect to Paragraph 94 of the Amended Complaint, DISH denies the allegations.

7	95.	With respect to Paragraph 95 of the Amended Complaint, DISH denies the allegations.

9	96.	With respect to Paragraph 96 of the Amended Complaint, DISH denies the allegations.

## "FOURTH CLAIM FOR RELIEF"
### "(Breach of the Implied Covenant of Good Faith against DISH)"

97.	DISH incorporates by reference its answers to Paragraphs 1-96 of the Amended Complaint, as if fully set forth herein.

98.	With respect to Paragraph 98 of the Amended Complaint, DISH denies the allegations.

99.	With respect to Paragraph 99 of the Amended Complaint, DISH denies the allegations.

100.	With respect to Paragraph 100 of the Amended Complaint, DISH denies the allegations.

## "PRAYER FOR RELIEF"

With respect to Fox's "Prayer for Relief," including each subpart thereto, DISH denies that Fox is entitled to any relief, and avers that judgment should be entered in DISH's favor.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

//
//

## SECOND DEFENSE

The Complaint and each cause of action therein are barred in whole or in part by the doctrines of laches, waiver, estoppel and acquiescence.

## THIRD DEFENSE

The Complaint and each cause of action there in are barred in whole or in part by the doctrine of unclean hands.

## FOURTH DEFENSE

DISH and its subscribers were authorized and/or licensed by the Plaintiffs to engage in the allegedly infringing conduct.

## FIFTH DEFENSE

The conduct of DISH and its subscribers is authorized and licensed by 17 U.S.C. §§ 119 and 122.

## SIXTH DEFENSE

The conduct of DISH and its subscribers constitutes fair use pursuant to 17 U.S.C. § 107.

## SEVENTH DEFENSE

Enforcement of Plaintiffs' copyrights is precluded by 17 U.S.C. § 110(11).

## EIGHTH DEFENSE

Enforcement of Plaintiffs' copyrights is precluded by the doctrine of copyright misuse.

## NINTH DEFENSE

Enforcement of Plaintiffs' copyrights is precluded by the doctrine of abandonment.

## TENTH DEFENSE

Plaintiff's copyright cause of action is barred in whole or in part by the doctrine of substantial non-infringing use.

//

//

## ELEVENTH DEFENSE

The Plaintiffs' copyright infringement claims fail to the extent that the Plaintiffs do not own the alleged copyrights asserted in their claims and/or copyright registrations in the claimed works.

## TWELFTH DEFENSE

The Plaintiffs chose an improper venue for this action.

DISH's assertion of any of the foregoing defenses does not shift the burden of proof.

## DEMAND FOR JURY TRIAL

DISH hereby demands a trial by jury on the Complaint.

Dated:   March 12, 2013                    Orrick, Herrington & Sutcliffe LLP


By: */s/ William A. Molinski*
WILLIAM A. MOLINSKI
Attorneys for Defendants
DISH Network L.L.C., DISH Network Corp., and EchoStar Technologies L.L.C.