WILLIAM A. MOLINSKI (SBN 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, California  90017
Tel:  +1-213-629-2020 / Fax:  +1-213-612-2499

ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, California 94105-2669
Tel:  +1-415-773-5700 / Fax:  +1-415-773-5759

E. JOSHUA ROSENKRANZ (*pro hac vice*)
jrosenkranz@orrick.com
PETER A. BICKS (*pro hac vice*)
pbicks@orrick.com
ELYSE D. ECHTMAN (*pro hac vice*)
eechtman@orrick.com
LISA T. SIMPSON (*pro hac vice*)
lsimpson@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, New York  10019-6142
Tel:  +1-212-506-5000 / Fax:  +1-212-506-5151

MARK A. LEMLEY (SBN 155830)
mlemley@durietangri.com
MICHAEL PAGE (SBN 154913)
mpage@durietangri.com
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, California  94111
Tel:  +1-415-362-6666

Attorneys for Defendants DISH Network L.L.C.,
DISH Network Corp., and EchoStar Technologies
L.L.C.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOX BROADCASTING COMPANY, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DISH NETWORK L.L.C., *et al.*,<br><br>Defendants. | Case No. CV12-04529 DMG (SHx)<br><br>**DISH SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS OPPOSITION OF FOX'S MOTION TO COMPEL DISH TO PRODUCE DOCUMENTS IT ALREADY AGREED TO PRODUCE**<br><br>Date:  May 7, 2013<br>Time:  10:00 am<br>Location:  Room 550 |

## I. INTRODUCTION

DISH has already agreed to produce documents responsive to each and every one of the eleven broad and varied requests at issue in Fox's motion to compel and is diligently working to produce these documents as part of its rolling production. Fox has nevertheless unnecessarily burdened this Court with a motion to compel production, asking for an order requiring DISH to produce all documents responsive to these eleven requests within seven days. There is no basis for this demand. The parties are not on the eve of trial. Discovery is not about to come to a close. In fact, there is not even a scheduling conference on calendar in this case. Fox's motion to compel should be denied in full.

## II. FOX'S MOTION TO COMPEL PRODUCTION OF ALL DOCUMENTS RESPONSIVE TO ELEVEN BROAD REQUESTS IN SEVEN DAYS SHOULD BE DENIED

### A. Fox's Seven-Day Deadline to Produce All Documents Responsive to Eleven of Fox's Broad Requests Is Absurd and Unrealistic

In Fox's joint stipulation, Fox repeatedly claims that it is entitled to "immediate" production of documents. However, it was unclear what Fox meant by "immediate." Only upon Fox's actual filing of its notice of motion last Monday did Fox explain what it meant by "immediate," making the ridiculousness of Fox's motion to compel fully apparent. Fox's notice of motion states that it is seeking production of all documents responsive to these eleven requests *within seven days*. This is laughable. Compliance with an order to produce all documents responsive to these eleven requests is likely not possible within thirty days, but seven days is simply absurd.

As part of DISH's ongoing collection efforts, DISH has collected more than 1.35 million potentially responsive documents. Freilich Decl., ¶ 2. DISH is now, using a team of attorneys, in the process of reviewing those more than 1,350,000 documents to determine which of these documents may be responsive to the hundreds of collective requests for production from Fox, ABC, and CBS. *Id.* ¶¶ 3–

4. This is a necessarily tedious and time consuming process that requires careful review on a document by document basis. For Fox alone, this review includes evaluation of 111 separate requests for production, not to mention requests served by ABC and CBS. Molinski Decl., ¶ 9; Supp. Freilich Decl., ¶ 4. Thus, while this review is well underway, it will by no means (and cannot) be done within the next week or two.

Even if all of DISH's reviewers were to focus their efforts solely on the eleven Fox requests at issue in this motion for a whole week, they would not be able to get through all documents that might arguably fall within these eleven broad requests. To make it through all 1,350,000 documents in seven days would require that 192,858 documents be reviewed each day over the seven day period, requiring several hundred reviewers. Even assuming that, through key word searches and targeted custodians,[1] the universe of documents to be reviewed could be narrowed by 50% to "only" 675,000 documents, more than 96,000 documents would still need to be reviewed on a daily basis to complete this review in a week, requiring more than 100 reviewers. Even that unworkable pace still would not allow DISH to meet Fox's proposed deadline, as the production of responsive documents requires processing, which takes multiple days for productions of any significant size. Supp. Freilich Decl., ¶¶ 6–8, 13.

Just in terms of simple logistics, what Fox is requesting is not possible within

---

[1] Fox claims that DISH's burden arguments are illusory because DISH can easily produce the documents sought in these eleven requests by running narrow, targeted searches. This is wrong for two reasons. First, it ignores the breadth of the requests at issue. All but one of Fox's requests seek "*all documents discussing*" the identified issue or issues in the request, meaning that the searches will involve multiple custodians, common search terms, and extensive periods of time. Such searches are likely to result thousands or hundreds of thousands of potentially responsive documents. Second, it ignores the overlap between the requests at issue here and the additional 100 Fox requests to which DISH has agreed to produce responsive documents. The overlap of issues between these eleven requests and others means that many documents that would be captured by these searches but deemed not responsive to these specific requests would still need to be re-reviewed for responsiveness to the *other* 100 Fox requests, requiring DISH to incur additional (and unnecessary) costs.

1  a mere seven days.  Fox knows this.  Fox wants an order from the Court requiring
2  DISH to do the impossible so that even if DISH did its best to comply, Fox could
3  comb through any and all subsequent productions looking for any document that
4  could arguably fit within any of the eleven broad requests at issue.  Then Fox would
5  be back before the Court (again unnecessarily) arguing that DISH failed to comply
6  with the Court's order, as a way to paint DISH as skirting its discovery obligations
7  in this case.  The Court should see right through Fox's shenanigans.  There simply
8  is no basis for an order compelling DISH to produce documents that DISH has
9  already agreed to produce – and which DISH has already begun to produce on a
10 rolling basis – on a seven-day time frame, which on its face is unworkable.

**B.  Fox Itself Is "Still in the Process of Gathering Additional Documents" for Production in Response to Fourteen of DISH's Requests For Production**

Fox claims that its motion to compel for these eleven requests is necessary because, although DISH agreed to produce the documents at issue in January and February 2013, DISH did not complete its production of all responsive documents by April 2013.  This is not a basis to compel production.

Fox failed to mention to the Court that as of April 10, 2013, Fox itself is also "*still in the process of gathering additional documents*" for production in this case. Supp. Freilich Decl., ¶ 9, Ex. A (emphasis added).  Importantly, Fox has only agreed to produce documents in response to *fourteen* of DISH's requests for production and has limited its production in multiple and significant ways. Molinski Decl., Exs. B, F, H.  Yet, Fox has not set a date certain for the completion of its production of documents relating to these fourteen requests nor even an estimate.  Especially when the contrasting burden is considered – Fox is producing documents in response to fourteen requests and DISH is producing documents in response to 111 requests from Fox, as well as additional requests from ABC and CBS – Fox's claim that DISH's continued collection of documents and rolling production requires court intervention is absurd.

- 3 -

DISH'S SUPPLEMENTAL MEMORANDUM ISO OPPOSITION
TO FOX'S MOTION TO COMPEL PRODUCTION
CASE NO. CV1204529 DMG (SHX)

Fox is continuing to collect, review, and produce documents in this case based upon requests for production that were served by DISH the day after Fox served the requests at issue here. DISH should be allowed to do the same without court intervention. Given Fox's production status, there is simply no basis for the Court to order DISH to complete a portion of its production, which is almost as large as Fox's production overall, in the span of a week.

### C. DISH Has Collected More than 1.35 Million Documents and Is Reviewing Those Documents and Producing Responsive Documents on a Rolling Basis

In the week and a half since DISH provided Fox with its portion of the joint stipulation, DISH has continued to actively work on its document production in this case and the SDNY case. First, DISH has continued to meet and confer with ABC and CBS regarding search terms to be used and other collection and review issues. Supp. Freilich Decl., ¶ 5. (Fox has refused to participate in this meet and confer process, despite repeated invitations. Molinski Decl., ¶ 15.) Second, DISH has been actively reviewing additional documents from its collection for production in connection with all 111 requests for production from Fox, as well as requests for production from ABC and CBS. Molinski Decl., ¶ 9; Supp. Freilich Decl., ¶¶ 3–4. Third, in connection with this on-going review, on Wednesday, April 17, 2013, DISH produced nearly 150 pages of documents, including email communications involving and relating to Fox. *Id.* at ¶ 10, Ex. B. DISH made an additional production of nearly 1,000 pages of documents, including email communications, today. *Id.* at ¶ 11, Ex. C. DISH anticipates making these rolling productions on a frequent basis until its production of documents in response to all relevant requests for production from Fox, ABC, and CBS is complete.

Fox's supplemental memorandum complains that DISH's document productions to date have contained more than just those documents that would be specifically responsive to these eleven requests. However, DISH never agreed to structure its production in that manner, nor is there any basis for requiring it to do

so. In fact, this is DISH's whole point – it would be burdensome and impractical for DISH to conduct its review and production in this manner. Instead, DISH is reviewing the documents that it has collected to see if they are responsive to *any* of Fox's 111 requests for which it has agreed to produce responsive documents. The fact that Fox has served over 150 requests but is apparently not interested in many of the responsive documents is Fox's problem. Being overly demanding in discovery does not give Fox the right to complain when it receives voluminous document productions. And it certainly does not give Fox a basis for requesting an order compelling DISH to complete its production of a subset of documents before it completes the remainder of its production.

### III. CONCLUSION

Fox's motion to compel the production of documents responsive to eleven broad requests for production that DISH has already agreed to produce is just as silly as Fox's motion title implies. There is no dispute over the scope of production for each and every one of the eleven requests at issue in Fox's motion. Furthermore, DISH is actively in the process of collecting and reviewing and producing documents responsive to these eleven requests, as well as another 100 requests from Fox and requests from ABC and CBS on a rolling basis. There is no discovery cut-off in this case, nor even a scheduling conference set. Fox has failed to present this Court with compelling reasons to justify Fox's demand that DISH be compelled to produce all documents responsive to these eleven requests within a seven-day window. DISH respectfully requests that the Court deny Fox's motion.

Dated:       April 23, 2012                    Orrick, Herrington & Sutcliffe LLP


                                               By:   */s/ William A. Molinski*
                                                     WILLIAM A. MOLINSKI
                                                     Attorneys for Defendants
                                                     DISH Network L.L.C., DISH Network
                                                     Corp. and EchoStar Technologies L.L.C..