MARK A. LEMLEY (SBN 155830)
mlemley@durietangri.com
MICHAEL PAGE (SBN 154913)
mpage@durietangri.com
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, California 94111
Tel: +1-415-362-6666

Attorneys for Defendants DISH Network L.L.C.,
DISH Network Corp., and EchoStar Technologies
L.L.C.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOX BROADCASTING COMPANY, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DISH NETWORK L.L.C., *et al.*,<br><br>Defendants. | Case No. CV12-04529 DMG (SHx)<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFFS' OBJECTION TO DECLARATION OF RICHARD RAPP IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO REQUEST FOR PRODUCTION NO. 3 (SET ONE)**<br><br>**[LOCAL RULE 37-2.3]** |

The Court should disregard Fox's "objection" to the Declaration of Richard Rapp in Support of Defendant's Motion to Compel Production of Documents in Response to Request No. 3 (Set One).  Fox appears to make three arguments in its "objection."  None of these "objections" is meritorious and none justify Fox's unnoticed and improper attempt to "move to strike."

First, Fox argues that the declaration, which explains why the specific licenses sought in DISH's motion to compel are relevant to the issues of market harm, reasonable royalty, and irreparable injury, should be disregarded because it is not relevant.  Assuming for the sake of argument that Fox is correct, if the declaration is irrelevant, then Fox has no reason to complain about it.  More importantly, if the declaration is not relevant, then Fox can make no showing of prejudice, which is necessary to Fox's purported motion to strike.  *Allen v. City of Santa Monica,* 2013 U.S. Dist. LEXIS 178539, at *16, *18 (C.D. Cal. Dec. 6, 2013) (J. Hillman) (denying motion to strike because it would not "make trial less complicated or eliminate serious risks of prejudice to the moving party, delay, or confusion of the issues" and also "due to the complete inadequacy of the motion") (citation omitted); *see also Campbell v. Best Buy Stores, L.P.*, 2013 U.S. Dist. LEXIS 137792, at *43 (C.D. Cal. Sept. 20, 2013) (denying motion to strike evidence because no prejudice had been shown); *Hollis v. Sloan*, 2012 U.S. Dist. LEXIS 153681, at 12 (E.D. Cal. Oct. 25, 2012) ("In the absence of any showing of prejudice, the court finds no basis for striking plaintiff's deposition transcript.").

Second, Fox claims that it was deprived of the chance to respond.  However, Fox's filing of an objection, in which Fox spends two pages responding to the declaration, is a chance to respond.  Fox, in the first portion of its "objection" specifically responds to the substance of Mr. Rapp's declaration.  While DISH obviously disagrees with Fox's analysis and believes that Mr. Rapp did explain why the licenses are relevant to a fair-use market harm analysis, as well as "reasonable royalties" and irreparable injury, Fox has had an opportunity to respond

1  to the declaration. This opportunity to respond negates any possible prejudice, precluding Fox's drastic request that the declaration be removed from the record.

Third, Fox claims that the declaration violates the letter and spirit of Local Rule 37. In submitting the declaration, DISH was responding directly to Fox's opposition to its motion to compel. Fox claimed that DISH's failure to submit an expert declaration was an indication that DISH's relevance arguments were not supportable. Even though an expert declaration is not a requirement for a motion to compel, DISH nevertheless asked its expert whether or not he could confirm, in his expert opinion, DISH's arguments that the licensing information sought is relevant to the issues of market-harm, reasonable royalty, and irreparable harm. Faced with the expert declaration that Fox itself asserted would demonstrate relevance, Fox now seeks to backtrack and claim that such information would only be relevant if it prompted DISH's discovery requests and subsequent meet and confer discussions. There is simply no legal basis for such an argument. DISH is not required to have an expert craft its discovery requests, nor is it required to have an expert weigh in on its meet and confer correspondence. Nor would it have changed anything. DISH repeatedly explained in its meet and confer letters to Fox, as well as at the parties' multiple in person conferences, that the licensing agreements at issue are relevant to the issues of market harm for the fourth fair use factor, Fox's claim for "reasonable royalties," and irreparable injury. In essence, the licenses DISH seeks are relevant to this case, whether one approaches the issue based on common-sense, case law, or expert testimony.

It would be inequitable for Fox, who itself submitted new evidence as part of its supplemental statement, to be able to strike the declaration on the grounds that it was new evidence submitted as part of the supplemental statement. Fox cited to a hearing transcript from the AutoHop litigation proceeding in the Southern District of New York for the first time in its supplemental statement. Fox could have cited this transcript in its portion of the separate statement. However, Fox held this

- 2 -

DEFENDANT'S RESP. TO PLAINTIFFS' OBJ. TO THE
DECL. OF RICHARD RAPP
CASE NO. CV1204529 DMG (SHX)

citation for its supplemental statement to deprive DISH of an opportunity to respond to Fox's interpretation of the transcript and how it applies here.

In short, the Court should consider the Rapp Declaration, as it further supports DISH's explanation that the licensing information at issue in the motion to compel is relevant to the issues of: market-harm as part of the fourth factor of fair use, "reasonable royalties," and irreparable injury. Fox has responded to the declaration in its "objection" and has not made the necessary showing of prejudice to justify its drastic request that the declaration be struck.

Dated: June 13, 2014         DURIE TANGRI

By: */s/ Michael Page*
MICHAEL PAGE
Attorneys for Defendants
DISH Network L.L.C., DISH Network Corp. and EchoStar Technologies L.L.C.