JENNER & BLOCK LLP
Richard L. Stone (Cal. Bar No. 110022)
rstone@jenner.com
Andrew J. Thomas (Cal. Bar No. 159533)
ajthomas@jenner.com
David R. Singer (Cal. Bar No. 204699)
dsinger@jenner.com
Amy M. Gallegos (Cal. Bar No. 211379)
agallegos@jenner.com
633 West 5th Street, Suite 3600
Los Angeles, California 90071
Telephone: (213) 239-5100
Fax: (213) 239-5199

Attorneys for Plaintiffs
Fox Broadcasting Company, Twentieth Century
Fox Film Corp., and Fox Television Holdings, Inc.

## UNITED STATES DISTRICT COURT FOR THE

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOX BROADCASTING COMPANY, et al.<br><br>                    Plaintiffs,<br><br>         v.<br><br>DISH NETWORK L.L.C., et al.,<br>                    Defendants. | Case No. 12-CV-04529-DMG (SH)<br><br>**PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Hearing Date:      October 17, 2014<br>Hearing Time:      2:00 p.m.<br>Hearing Location:  Courtroom 7<br><br>**[PUBLIC REDACTED VERSION]** |

Plaintiffs Fox Broadcasting Company, Twentieth Century Fox Film Corp., and Fox Television Holdings, Inc. (collectively, "Fox"), respectfully submit this statement of uncontroverted facts and conclusions of law in support of their motion for partial summary judgment pursuant to Local Rule 56-1.

**Statement of Uncontroverted Facts**

## I.     Background Facts.

| Uncontroverted Fact | Supporting Evidence |
|---|---|
| 1.  Fox owns the copyrights in programs broadcast on the Fox Network, including during primetime. | Declaration of Mary McGuire ("McGuire Decl."), ¶¶ 2, 7-8, Ex A. |
| 2.  Fox and Dish are parties to a 2002 Retransmission Consent Agreement (the "RTC Agreement"). | Declaration of Amy M. Gallegos Decl. ("Gallegos Decl."), Ex. 1. |
| ██████████████████ ██████████████████ ██████████████████ ████ ████ ██ ████ ██████████████████ ██████ | Gallegos Decl., Ex. 1 (RTC Agreement, p. 1). |
| 4.     Dish distributes the video programming contained in Fox's signal. | Gallegos Decl., Ex. 8 (Ergen Tr.,  19:21-20:1, 25:23-27:2). |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Gallegos Decl., Ex. 1 (RTC Agreement, ¶ 2).

Gallegos Decl., Ex. 1 (RTC Agreement, ¶ 3(d)).

2

2300139.6



| | |
|---|---|
| | Gallegos Decl., Ex. 1 (RTC Agreement, ¶ 9(a)). |
| | Gallegos Decl., Ex. 2 (2010 Amendment, Ex. A, p. 2). |

3

2300139.6

| | |
|---|---|
| ███████████████████████<br>███████████████████████<br>███████████████████████<br>████████████████ | Gallegos Decl., Ex. 6 (Shull Tr., 192:18-193:6; 193:23-194:9). |
| ███████████████████████<br>███████████████████████<br>███████████████████████<br>███████████████████████<br>█████████████████ ██<br>███████████████████████<br>███████████████████████<br>███████████ | Gallegos Decl., Ex. 6 (Shull Tr., 192:18-193:6; 193:23-194:9, 206:2-19). |

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

2300139.6

| | |
|---|---|
| 11. In the 2010 Amendment, Fox and Dish agreed to a provision allowing Dish to offer Fox's licensed VOD, with the following condition: "DISH will disable fast forward functionality during all advertisements; FBC and DISH may include a pre-roll announcement prior to each show regarding the fast-forward disabling. DISH and FBC will discuss in good faith the timing of DISH's implementation of such fast-forward disabling and messaging to consumers; provided that DISH acknowledges and agrees that such fast-forward disabling is a necessary condition to distribution of the Fox broadcast content via VOD." | Gallegos Decl., Ex. 2 (2010 Amendment, p. 23). |

## II.   Dish Anywhere

| Uncontroverted Fact | Supporting Evidence |
|---|---|
| | |

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

2300139.6

| | |
|---|---|
| 12.   At the January 2013 Consumer Electronics Show (CES) in Las Vegas, Dish announced that it was launching a new Internet streaming service exclusively for Dish subscribers, which would allow its subscribers to "[w]atch live and recorded television anywhere on Internet-connected tablets, smartphones and PCs at no additional charge using the Hopper's built-in Sling capabilities and the new Dish Anywhere app." | Notice of Lodging, Ex. 1 (video (iii)); *see* Gallegos Decl., ¶ 32(iii); Ex. 4. |
| 13.   In a presentation at CES, Dish Vice President Vivek Khemka said that "The TV everywhere experience for most pay TV providers is either broken or very confusing.  Some require separate apps. Some require extra hardware.  Some feature in-home viewing only.  And those that allow out-of-home viewing only allow a limited set of channels.  With Dish Anywhere it's one app and very simple.  It's live TV, at home, and on the go.  It's DVR at home and on the go." | Notice of Lodging, Ex. 1 (video (v)); *see* Gallegos Decl., ¶ 32(v). |
| 14.   In a promotional video, James Moorehead, Chief Marketing Officer at Dish, referred to the Hopper with Sling as "an amazing new product." | Notice of Lodging, Ex. 1 (video (iv)); *see* Gallegos Decl., ¶ 32(iv). |

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

2300139.6

| | |
|---|---|
| 15.   In its quick-start features guide for the Hopper with Sling, Dish states that customers can "Take your home TV programming with you wherever you go—including live and recorded content. With one click, you can watch your local news, live sports and favorite TV shows on your  computer or mobile device." | Gallegos Decl., Ex. 5 (Hopper with Sling Quick-Start Features Guide, p. Fox031214). |
| 16.   In its quick-start features guide for the Hopper with Sling, Dish states that "[o]nly Dish Anywhere lets you access all of your live TV channels . . . while on the go via your Internet-connected smartphone, computer, or tablet." | Gallegos Decl., Ex. 5. |
| ███████████████████████████<br>███████████████████████████<br>██████████████ | Gallegos Decl., Ex. 9 (Clayton Tr., 170:18-21). |
| ███████████████████████████<br>███████████████████████████<br>███████████████████████████<br>███████████████████████████<br>██████████████████████ | Gallegos Decl., Ex. 12 (Kummer Tr., 78:6-17); Ex. 28; *see also* Ex. 6 (Shull Tr., 214:23-25). |

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

2300139.6

| | |
|---|---|
| ███ ██████████████████████████ ██████████████████████████ ████████████████████. | Gallegos Decl., Ex. 12 (Kummer Tr., 31:19-34:21; 35:15-38:14; 39:4-9; 40:12-17); Gallegos Decl., Ex. 28; Gallegos Decl., Ex. 6 (Shull Tr., 89:8-13; 214:23-25); Gallegos Decl., Ex. 8 (Ergen Tr., 40:24-41:19); Gallegos Decl., Ex. 9 (Clayton Tr., 118:3-7); Declaration of David Kummer filed in support of Dish's Opposition to Fox's Motion for Preliminary Injunction Re Dish's New 2013 Services, dated March 15, 2013, App'x Dkt. No. 166 ("Kummer Decl."), ¶ 6. |
| ██████████████████████████ ██████████████████████████ ██████████████████████████ ██████████ | Gallegos Decl., Ex. 12 (Kummer Tr., 37:3-39:9); Ex. 8 (Ergen Tr., 40:24-41:19); Ex. 9 (Clayton Tr., 118:3-7). |
| ██████████████████████████ ██████████████████████████ ██████████████████████████ ████████████ | Gallegos Decl., Ex. 6 (Shull Tr., 86:1-21); Ex. 12 (Kummer Tr.,  31:4-18, 35:15-38:14, 40:12-17). |
| 22.  Subscribers can watch live broadcast programming on mobile devices such as iPads using the Dish Anywhere mobile application. | Gallegos Decl., Ex. 28 (screen shot, p. 15); Ex. 29. |

8

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW



| | |
|---|---|
| | Gallegos Decl., Ex. 6 (Shull Tr., 92:2-15); Ex. 32. |
| | Gallegos Decl., Ex. 6 (Shull Tr., 91:21-92:15); Ex. 12 (Kummer Tr., 9:11-10:2); Ex. 32. |
| | Gallegos Decl., Ex. 12 (Kummer Tr., 92:5-93:23); Kummer Decl., ¶ 16. |
| | Gallegos Decl., Ex. 9 (Clayton Tr., 108:13-109:22); Ex. 27. |
| | Gallegos Decl., Ex. 12 (Kummer Tr., 54:10-22; 75:8-76:15; 79:10-14). |

9

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW



| | |
|---|---|
| | Gallegos Decl., Ex. 12 (Kummer Tr., 54:10-22). |
| | Gallegos Decl., Ex. 12 (Kummer Tr., 74:1-12); Ex. 6 (Shull Tr., 86:1-21). |
| | Gallegos Decl., Ex. 12 (Kummer Tr., 39:4-9, 40:12-17); Ex. 9 (Clayton Tr., 40:15-22). |
| | Gallegos Decl., Ex. 6 (Shull Tr., 84:11-20); Ex. 30. |
| | Gallegos Decl., Ex. 6 (Shull Tr., 84:4-85:1); Ex. 9 (Clayton Tr., 37:14-38:1). |
| | Gallegos Decl., Ex. 12 (Kummer Tr., 104:23-107:16). |
| | Gallegos Decl., Ex. 12 (Kummer Tr., 110:15-111:23); Ex. 31. |

10

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

2300139.6



| | |
|---|---|
| ████ ██ ██████ ████ ████████████████████████ ████████████████████████ ████████████████████████ ████████████████████████ ████████████████████████ ██████ | Gallegos Decl., Ex. 12 (Kummer Tr., 123:13-125:4); Ex. 31. |
| ████ ██ ██████ ████ ████████████████████████ ████ ██████ ██ ████ ████████████████████████ ████ ██████ ████ █ ████████████████████████ ████████████████████████ ████████ | Gallegos Decl., Ex. 12 (Kummer Tr., 112:22-113:7; 113:12-23); Ex. 31. |
| ████████████████████████ ██ ██ ████ ████ █ ████████████████████████ ████████████████████████ ████████████████████████ ████████████████████ | Gallegos Decl., Ex. 12 (Kummer Tr., 20:3-9, 111:16-23, 113:17-20). |
| ██ ████████████████ ████████████████████ ████████████████████████ | Gallegos Decl., Ex. 12 (Kummer Tr., 123:13-125:8); Ex. 31. |

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

2300139.6

| | |
|---|---|
|  | Gallegos Decl., Ex. 12 (Kummer Tr., 129:18-131:1); Ex. 31. |
| | Gallegos Decl., Ex. 31 (SlingService Services Agreement, ¶ 3(c)); Ex. 12 (Kummer Tr., 123:25-124:6). |
| | Gallegos Decl., Ex. 12 (Kummer Tr., 113:17-23, 114:17-22, 126:8-19). |
| | Gallegos Decl., Ex. 12 (Kummer Tr., 20:3-9). |

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

2300139.6



| | |
|---|---|
| | Gallegos Decl., Ex. 12 (Kummer Tr., 113:12-23, 29:1-5, 30:7-13). |
| | Gallegos Decl., Ex. 12 (Kummer Tr., 132:10-133:7). |
| | Gallegos Decl., Ex. 12 (Kummer Tr., 29:1-5; 30:7-31:18; 64:1-66:9). |
| | Gallegos Decl., Ex. 12 (Kummer Tr., 49:24-50:2). |
| | Gallegos Decl., Ex. 12 (Kummer Tr., 42:6-45:13, 60:7-14, 62:13-25). |

13

2300139.6



| | |
|---|---|
| | Gallegos Decl., Ex. 12 (Kummer Tr., 29:1-5; 30:7-31:18; 118:2-119:9). |
| | Gallegos Decl., Ex. 12 (Kummer Tr., 33:11-22). |
| | Gallegos Decl., Ex. 12 (Kummer Tr., 34:10-36:2). |
| | Gallegos Decl., Ex. 12 (Kummer Tr., 33:25-34:9). |

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

2300139.6



Gallegos Decl., Ex. 12 (Kummer Tr., 20:3-21:8, 30:7-17).

Gallegos Decl., Ex. 12 (Kummer Tr., 54:10-22, 74:23-75:1, 83:7-19).

Gallegos Decl., Ex. 12 (Kummer Tr., 73:10-17).

Gallegos Decl., Ex. 12 (Kummer Tr., 170:17-23).

15

2300139.6

## III.    PTAT and AutoHop.

| Uncontroverted Fact | Supporting Evidence |
|---|---|
| ███████████████████ ██████ | Declaration of David Shull filed in support of Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction, dated August 31, 2012 ("Shull Decl."), App'x Dkt. No. 99, ¶¶ 22-24. |
| 57.    In March 2012, Dish launched PrimeTime Anytime ("PTAT"). | Gallegos Decl., Ex. 16. |
| 58. Dish announced that PTAT "gives you instant On Demand access to your favorite primetime shows on ABC, CBS, Fox, and NBC" and "creates an on-demand library of approximately 100 hours of primetime TV shows, making it easy to catch up on missed episodes." | Gallegos Decl., Exs. 16 and 17. |
| 59.    In the past, when Dish subscribers accessed  PTAT on their televisions, they saw an announcement that PTAT offers "On Demand access for 8 days to all HD programming that airs during primetime hours on ABC, CBS, FOX, and NBC without needing to schedule individual recordings." | Gallegos Decl., Ex. 19. |

16

2300139.6

| | |
|---|---|
| 60. The screen shot on page 26 of the Memorandum of Points and Authorities (and attached to the Gallegos Declaration as Exhibit 19) is a screen shot from a past version of the PrimeTime Anytime screen. | Gallegos Decl., Ex. 7 (Khemka Tr., 84:7-85:4); Ex. 19. |
| 61. The screen shot on page 27 of the Memorandum of Points and Authorities is a screen shot a past version of PrimeTime Anytime screen. | Gallegos Decl., ¶ 34, Ex. 33. |
| 62. After Fox filed this lawsuit, Dish added a feature allowing the subscriber to deselect particular networks or nights, but if the subscriber does not take action to deselect networks or nights, all four networks are recorded every night. | Gallegos Decl., Ex. 7 (Khemka Tr., 274:24-275:12). |
| 63. The PTAT recordings are saved on the subscriber's set-top box for eight days, after which they are automatically deleted unless the subscriber chooses to save a PTAT program on what Dish calls her "My Recordings" folder, which is not the same as PTAT. | Declaration of Dan Minnick filed in support of Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction, dated August 30, 2012 ("Minnick Decl."), App'x Dkt. No. 102, ¶¶ 30, 34. |
| 64. To enable PTAT, the subscriber uses her remote control to select a box labeled "enable" on her television screen. | Minnick Decl., Ex 4, p. 52. |

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

2300139.6



| | |
|---|---|
| 1 ████████████ | Gallegos Decl., Ex. 11 (Minnick Tr., |
| 2 ████████████ | 236:21-237:16); Ex. 10 (Casagrande Tr., |
| 3 ████████████ | 92:5-8). |
| 4 █ | |
| 5 ████████████ | Gallegos Decl., Ex. 11 (Minnick Tr., |
| 6 ████████████ | 181:23-183:7). |
| 7 ██████████ | |
| 8 ████████████ | Gallegos Decl., Ex. 11 (Minnick Tr., |
| 9 ████ █ █ ████ █ | 156:5-157:5, 184:12-16). |
| 10 ████████████ | |
| 11 ██ | |
| 12 █ ██████████ | Gallegos Decl., Ex. 10 (Casagrande Tr., |
| 13 ████████████ | 77:10-18). |
| 14 ████████████ | |
| 15 ██ | |
| 16 ████████████ | Gallegos Decl., Ex. 11 (Minnick Tr., |
| 17 ████████████ | 187:12-17). |
| 18 ████████████ | |
| 19 ██ ███ ███ ██ █ | |
| 20 ███ | |
| 21 ████████████ | Gallegos Decl., Ex. 10 (Casagrande Tr., |
| 22 ████████████ | 77:19-22; 110:25-111:9). |
| 23 ████ ██ ███ █ █ | |
| 24 ████████████ | |
| 25 ████████████ | |
| 26 ███████ | |

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

2300139.6

| | |
|---|---|
|  | Gallegos Decl., Ex. 10 (Casagrande Tr., 96:3-97:13). |
| | Gallegos Decl., Ex. 11 (Minnick Tr., 216:19-24,   216:25-217:6);   Ex.   10 (Casagrande Tr., 96:3-97:13). |
| | Gallegos Decl., Ex. 11 (Minnick Tr., 223:1-4); Ex. 10 (Casagrande Tr., 78:17-79:2). |
| | Gallegos Decl., Ex. 10 (Casagrande Tr., 79:10-21). |
| | Gallegos Decl., Ex. 10 (Casagrande Tr., 113:20-114:12). |

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

2300139.6



Gallegos Decl., Ex. 10 (Casagrande Tr., 114:17-115:12).

Gallegos Decl., Ex. 10 (Casagrande Tr., 100:6-101:22); Ex. 11 (Minnick Tr., 214:10-218:15).

Gallegos Decl., Ex. 10 (Casagrande Tr., 80:6-81:22); *see also* Gallegos Decl., Ex. 11 (Minnick Tr., 214:10-216:18, 217:7-21); Minnick Decl., ¶ 31.

Gallegos Decl., Ex. 10 (Casagrande Tr., 91:12-25).

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

2300139.6



Gallegos Decl., Ex. 11 (Minnick Tr., 217:7-218:15).

Gallegos Decl., Ex. 11 (Minnick Tr., 190:2-13; 192:11-17).

Gallegos Decl., Ex. 10 (Casagrande Tr., 83:11-84:3);   Ex.   11   (Minnick   Tr., 190:14-191:4; 192:1-10).

Gallegos Decl., Ex. 11 (Minnick Tr., 190:8-10; 191:5-25).

Gallegos Decl., Ex. 10 (Casagrande Tr., 85:7-11); Ex. 11 (Minnick Tr., 220:1-3).

Gallegos Decl., Ex. 10 (Casagrande Tr., 85:12-14); Ex. 11 (Minnick Tr., 219:20-23).

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

2300139.6



| | |
|---|---|
| ████ ████████████████ ████████████████████ ████████████ | Gallegos Decl., Ex. 10 (Casagrande Tr., 85:15-18); Ex. 11 (Minnick Tr., 219:24-25). |
| ███ ████████████████ ████████████████████ ████████████████████ ████████████████████ ████ ██ ████ ██ ██████ ████████████████████ ██████████████ | Gallegos Decl., Ex. 11 (Minnick Tr., 221:4-11). |
| ████████████████████ ████████████████████ ████████████ | Gallegos Decl., Ex. 10 (Casagrande Tr., 85:19-22). |
| ████ ████████████████ ████████████████████ ██████████ | Gallegos Decl., Ex. 10 (Casagrande Tr., 87:8-11). |
| ████████████████████ ████████████████████ ████████████ | Gallegos Decl., Ex. 10 (Casagrande Tr., 88:8-18). |
| ████████████████████ ████████████████████ ██████████████ ██████████ | Gallegos Decl., Ex. 10 (Casagrande Tr., 88:18-24). |
| ████ ████████████████ ████████████████████ ██████████████ | Gallegos Decl., Ex. 10 (Casagrande Tr., 98:11-99:6). |

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

2300139.6



| | |
|---|---|
| ▮ ▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬ | Gallegos Decl., Ex. 10 (Casagrande Tr., 85:23-86:12). |
| ▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬ ▬▬▬ | Gallegos Decl., Ex. 11 (Minnick Tr., 193:8-194:13); Gallegos Decl., Ex. 10 (Casagrande Tr., 82:7-14); Minnick Decl., ¶ 36. |
| ▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬ ▬▬▬ | Minnick Decl., ¶¶ 36-37; Gallegos Decl., Ex. 11 (Minnick Tr., 224:19-24, 225:8-14, 228:4-9); Gallegos Decl., Ex. 10 (Casagrande Tr. 82:15-18). |
| ▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬ ▬▬. | Gallegos Decl., Ex. 10 (Casagrande Tr., 84:19-85:6); Minnick Decl., ¶ 35. |
| ▬▬▬▬▬▬▬ ▬▬▬. | Gallegos Decl., Ex. 8 (Ergen Tr., 49:18-50:3). |
| ▮ ▬▬▬▬▬▬▬ ▬▬▬▬ | Gallegos Decl., Ex. 7 (Khemka Tr., 23:8-16). |
| ▮ ▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬ ▬▬▬ | Gallegos Decl., Ex. 7 (Khemka Tr., 23:8-16, 43:11-20). |

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

2300139.6



| | |
|---|---|
| | Declaration of Richard Rapp filed in support of Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction, dated August 31, 2012, App'x Dkt. No. 103 ("Rapp Decl."), ¶ 94. |
| | Gallegos Decl., Ex. 7 (Khemka Tr., 68:8-69:13); Ex. 15. |
| | Gallegos Decl., Ex. 16. |
| | Gallegos Decl., Ex. 16; Gallegos Ex. 7 (Khemka Tr., 73:14-76:24). |
| | Gallegos Decl., Ex. 16; Gallegos Ex. 7 (Khemka Tr., 73:14-75:11). |
| | Gallegos Decl., Ex. 7 (Khemka Tr., 91:6-8). |

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

2300139.6



| | |
|---|---|
| | Rapp Decl., ¶ 94 |
| | Gallegos Decl., Ex. 16. |
| | Gallegos Decl., Ex. 17; Gallegos Decl., Ex. 7 (Khemka Tr., 78:14-79:12). |
| | Gallegos Decl., Ex. 7 (Khemka Tr., 78:14-79:12). |
| | Gallegos Decl., Ex. 18; Ex. 20; Ex. 7 (Khemka Tr., 81:2-82:10). |
| | Gallegos Decl., Ex. 7 (Khemka Tr., 23:8-13, 43:11-20); Ex. 6 (Shull Tr., 17:6-13; 342:9-12; 342:18-343:2). |

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

2300139.6



| | |
|---|---|
| ████ ████████████████ <br> ████████████████████ <br> ██████████████ | Gallegos Decl., Ex. 7 (Khemka Tr., 72:4-13; 92:8-12); Ex. 20. |
| ████ ████████████████ <br> ██████████████████████ <br> █████████████████████ | Gallegos Decl., Ex. 24; Ex. 7 (Khemka Tr., 84:7-23). |
| ████ ████████████████ <br> ████████████████ <br> ████████████████ <br> ████████████████ <br> ████████████████ <br> ████████████████ <br> ████████████████ <br> ███ ██ ██ ██ ██ ██ <br> █████████████████ <br> █████████████████ <br> ██████ | Gallegos Decl., Ex. 7 (Khemka Tr., 112:10-17); Ex. 22. |
| ███ █████████████████ <br> █████████████████ <br> █████████████████ <br> █████████████████ <br> █████████████████ <br> █████████████████ <br> █████████████████ <br> ████████████ | Gallegos Decl., Ex. 7 (Khemka Tr., 112:10-23). |

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

2300139.6

| | |
|---|---|
|  | Gallegos Decl., Ex. 23; Ex. 7 (Khemka Tr., 178:22-181:15). |
| | Gallegos Decl., Ex. 7 (Khemka Tr., 199:7-201:4); Ex. 24. |
| | Gallegos Decl., Ex. 7 (Khemka Tr., 201:24-203:24). |
| | Shull Decl., ¶¶ 20-22; Gallegos Decl., Ex. 6 (Shull Tr., 340:4-12). |
| 120.  On February 7, 2011 and January 19, 2012, Dish's counsel described PrimeTime Anytime as a "video-on-demand service" under oath in Dish's trademark application to the United States Patent and Trademark Office. | Gallegos Decl., Ex. 13 (Trademark application at pp. Fox002573-74 and Fox002587-88). |

2300139.6

| | |
|---|---|
|  | Gallegos Decl., Ex. 7 (Khemka Tr., 184:7-16). |
| | Gallegos Decl., Ex. 7 (Khemka Tr., 104:20-23). |
| | Gallegos Decl., Ex. 7 (Khemka Tr., 28:15-29:11). |
| | Gallegos Decl., Ex. 7 (Khemka Tr., 94:6-24); Notice of Lodging, Ex. 1 (video (ii)); *see* Gallegos Decl., ¶ 32(ii). |
| | Gallegos Decl., Ex. 7 (Khemka Tr., 95:12-96:15). |
| | Gallegos Decl., Ex. 7 (Khemka Tr., 95:24-96:5). |

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

2300139.6



| | |
|---|---|
| ███████████████████ ██ ██ ████ █ ███ ██ ███████████████ ███████████████ ███████████████ ███████████████ ██████ | Gallegos Decl., Ex. 7 (Khemka Tr., 96:6-15). |
| █ ████████████ ███████████████ ███████████████ ███████████████ ███████████████ ███████████████ ██████ | Gallegos Decl., Ex. 7 (Khemka Tr., 23:17-20, 101:10-103:16); Ex. 21. |
| ███████████████ ███████████████ ███████████████ █████████ | Gallegos Decl., Ex. 7 (Khemka Tr., 23:21-24, 66:7-16); Ex. 14. |
| ███████████████ ███████████████ ███████████████ ███████. | Shull Decl., ¶ 21. |
| ███████████████ ████████ | Gallegos Decl., Ex. 7 (Khemka Tr., 60:11-17); Ex. 10 (Casagrande Tr., 72:2-5, 73:6-13; 75:15-76:17) |
| ███████████████ ████████ | Gallegos Decl., Ex. 7 (Khemka Tr., 93:2-15). |

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

2300139.6



| | |
|---|---|
| ■■■■■■■■■■■■ ■■■■■ | Gallegos Decl., Ex. 8 (Ergen Tr., 78:16-79:8). |
| ■■■■■■■■■■■■ ■■■■ ■■ ■ ■■■■ ■ ■■■■■■■ | Gallegos Decl., Ex. 8 (Ergen Tr., 31:5-13). |
| ■■■■■■■■■■■■ ■■■■■■■■■■ ■■■■■■■■ | Gallegos Decl., Ex. 8 (Ergen Tr., 27:3-6). |
| ■■■■■■■■■■■■ ■■■■■■■■■■ ■■■■■■■■■■ ■■■■■■■■■■ ■■ | Gallegos Decl., Ex. 1 (RTC, ¶¶ 3(d), (f), ¶ 4). |
| ■■■■■■■■■■■■ ■■■ ■ ■■ ■■■■■ ■ ■■■■■■ | Gallegos Decl., Ex. 9 (Clayton Tr., 70:11-19); Ex. 22. |
| ■■■■■■■■■■■■ ■■■■■■■■■■ ■■■■■■■ | Minnick Decl., ¶ 53. |
| ■■■■■■■■■■■■ ■■■■■■■■■■ ■ ■■■■ ■■ ■■■■ ■■■■■■■■■ | Gallegos Decl., Ex. 22. |

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

2300139.6

| | |
|---|---|
|  | Gallegos Decl., Ex. 11 (Minnick Tr., 25:23-27:20); Ex. 10 (Casagrande Tr., 124:15-126:7). |
| | Gallegos Decl., Ex. 11 (Minnick Tr., 22:6-22; 25:23-27:25). |
| | Gallegos Decl., Ex. 11 (Minnick Tr., 32:2-15, 94:9-17, 97:8-98:7). |
| | Gallegos Decl., Ex. 11 (Minnick Tr., 135:25-136:24, 138:8-23, 143:9-147:7). |
| | Gallegos Decl., Ex. 11 (Minnick Tr., 39:8-40:2). |

31

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

2300139.6



| | |
|---|---|
| | Gallegos Decl., Ex. 10 (Casagrande Tr., 52:16-23, 54:10-14); Ex. 11 (Minnick Tr., 80:2-9). |
| | Gallegos Decl., Ex. 10 (Casagrande Tr., 50:1-21). |
| | Gallegos Decl., Ex. 10 (Casagrande Tr., 51:16-53:2). |
| | Gallegos Decl., Ex. 10 (Casagrande Tr., 54:19-24, 55:15-22); Ex. 11 (Minnick Tr., 23:5-16). |
| | Gallegos Decl., Ex. 11 (Minnick Tr., 22:23-23:9, 25:1-22). |

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

2300139.6



| | Gallegos Decl., Ex. 11 (Minnick Tr., 32:2-36:12). |
| | Gallegos Decl., Ex. 10 (Casagrande Tr., 126:8-14); Ex. 11 (Minnick Tr., 37:25-39:23). |
| | Gallegos Decl., Ex. 10 (Casagrande Tr., 127:4-13). |
| | Gallegos Decl., Ex. 34; *see* McGuire Decl., ¶¶ 2-3, 7-8. |

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

## IV.   Hopper Transfers.

| Uncontroverted Fact | Supporting Evidence |
|---|---|
| ███ ████████████████ ████████████████ ████████████ ██ | Gallegos Decl., Ex. 7 (Khemka Tr., 312:24-313:4); Ex. 9 (Clayton Tr., 118:15-20; 119:13-19; 120:19-23). |
| ████████████████ ████████████████ ██████ | Gallegos Decl., Ex. 9 (Clayton Tr., 118:3-10). |
| 156.    Dish's press release announcing Hopper Transfers' launch quotes Dish Vice President Vivek Khemka saying: "Hopper Transfers completes the TV Everywhere equation by giving DISH customers the ability to take their recorded television programs and watch them even when no Internet connection is available, such as on a plane . . . . For the first time, customers can truly enjoy their DISH service anytime, anywhere." | Gallegos Decl., Ex. 4; *see* Ex. 3. |
| ███ ████████████████ ████████████████ ███████ ██████ | Gallegos Decl., Ex. 7 (Khemka Tr., 313:9-25; 321:9-22). |

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

2300139.6

| | |
|---|---|
| ██████ ████████████████████ ████████████████████████ ██████████████ | Gallegos Decl., Ex. 8 (Ergen Tr., 38:2-5, 40:24-41:19). |
| 159.  When Dish provides programming and equipment to its subscribers, it does so pursuant to a Residential Customer Agreement that limits what the subscribers are allowed to do with the services and equipment. | Gallegos Decl., Ex. 26 (Residential Customer Agreement, pp. 120-127 of the Hopper with Sling Whole-Home DVR User Guide ("RCA")). |
| 160.  Dish subscribers cannot alter any equipment received from Dish or move it to a different locations. | Gallegos Decl., Ex. 26 (RCA, ¶ 5A). |
| ████████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ ████ | Gallegos Decl., Ex. 7 (Khemka Tr., 314:19-315:25). |
| ████████████████████ ████████████████████ ████████████████████ ████████ | Gallegos Decl., Ex. 7 (Khemka Tr., 321:4-323:4). |

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

2300139.6

## Conclusions of Law

Based on these uncontroverted facts, the following conclusions of law should be made:

1.    "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).

2.    "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

3.    Dish is infringing Fox's exclusive right to publicly perform its copyrighted works by streaming them over the Internet to Dish subscribers.  17 U.S.C. § 106(4); *id.* § 101; *Am. Broad. Cos., Inc. v. Aereo, Inc.*, 134 S. Ct. 2498, 2508-10 (2014).



6.    Dish is breaching the RTC Agreement by authorizing subscribers to copy Fox's programming for viewing outside their homes with Hopper Transfers.

7.    Dish has breached the RTC Agreement by making copies of Fox's programming in connection with the operation of AutoHop.

8.    Dish has infringed Fox's exclusive right to reproduce its copyrighted works by making copies of Fox's programming in connection with the operation of AutoHop.  17 U.S.C. § 106(1).

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

2300139.6

DATED:  August 22, 2014          JENNER & BLOCK LLP


                                 ___/s/ Richard L. Stone_____
                                 Richard L. Stone

                                 Attorneys for Plaintiffs
                                 Fox Broadcasting Company, Twentieth
                                 Century Fox Film Corp., and Fox Television
                                 Holdings, Inc.

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

2300139.6